IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 10, 2002 Session

## BEDFORD COUNTY, TENNESSEE v. JOSEPH J. BIALIK

**Appeal from the Circuit Court for Bedford County**
**No. 8665     Lee Russell, Judge**

---

**No. M2001-00681-COA-R3-CV - Filed September 12, 2002**

---

A landowner appeals from a decision finding him in violation of county zoning laws, ordering him to take corrective measures, and enjoining future activities of the same type. Because the record before us does not include a transcript of the trial or a statement of the evidence, we must presume the evidence supported the trial court's findings and, consequently, affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM B. CAIN, J. and IRVIN H. KILCREASE, JR., SP. J., joined.

Joseph James Bialik, Chapel Hill, Tennessee, Pro Se.

Ginger Bobo Shofner, John T. Bobo, Shelbyville, Tennessee, for the appellee Bedford County, Tennessee.

**OPINION**

This case originated when Bedford County initiated an action against Mr. Bialik to enforce county zoning laws. The county alleged Mr. Bialik violated those laws by placing four trailer units on his property. According to the Complaint, the parcels in question, one of 9.30 acres and one of 5.23 acres, are zoned A-1, Agriculture-Forestry, pursuant to the Zoning Resolution adopted January 14, 1998. The Complaint also alleged that prior to adoption of the resolution Mr. Bialik placed on the parcels certain used mobile home units, tractor trailer units, motor vehicles, machinery and other structures. The county did not seek to have removed any of these pre-Zoning Resolution structures. Rather, it was the addition of more mobile home units, tractor trailer units, motor vehicles, machinery, or other such items or structures (referred to in the Complaint as "post-Zoning Resolution structures") which the county sought to enjoin and cure. The additional "structures" were alleged to violate the Zoning Resolution in several ways: (1) they constituted an impermissible use; (2) they violated the provision allowing only one principal building and its customary accessory buildings;

(3) they violated front yard setback restrictions; and (4) they were placed on the property without a zoning compliance certificate. Mr. Bialik answered the Complaint by agreeing to the basic factual allegations but denying any violation of the zoning law. He defended by asserting his use was not a violation "as vested interest to use land is allowed by State Code 13-7-208-2(b) and (d)."

After trial, the trial court found that Mr. Bialik was in violation of the Zoning Resolution of Bedford County, "specifically that the placement of four (4) trailer units upon the property are violations." The court granted the county's request for a permanent injunction, ordering defendant to remove three trailer units (with appropriate hitches) within ten (10) days and to remove the fourth within forty (40) days. Mr. Bialik was permanently enjoined from moving, erecting, constructing, or altering such trailers or other structures on the parcels in question.

Mr. Bialik appeals this order. The record on appeal consists of the Technical Record and the exhibits introduced at trial. There is no transcript of the trial and no statement of the evidence pursuant to Tenn. R. App. P. 24.

On appeal, Mr. Bialik's primary assertion is that his use of the parcels after the passage of the new zoning law was the same as his use prior to the zoning change. Consequently, he argues, state statutory and case law, as well as the Bedford County Zoning Resolution itself, authorize him to continue his prior use which had become non-conforming. He states, "no new use of this property was ever intended, and only continued use was expected."

Implicit in the trial court's ruling is a finding that the placement of the additional trailers were not allowed as a pre-existing, non-conforming use. To sustain his argument, Mr. Bialik must demonstrate that the evidence at trial preponderated against the trial court's finding that his placement of the four trailers violated the zoning ordinance. He is, however, unable to accomplish this because the record before us does not include a transcript or statement of the evidence.

Where the issue on appeal is one of fact, this court must be presented with a record that allows us to make the review necessary under Tenn. R. App. P. 13. Because our jurisdiction is appellate only, our review power is limited to those factual and legal issues for which an adequate legal record has been preserved. Tenn. R. App. P. 13(c); *Dorrier v. Dark*, 537 S.W.2d 888, 890 (Tenn. 1976).

It is the duty of the appellant to prepare an adequate record in order to allow meaningful review on appeal. Tenn. R. App. P. 24(b); *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983); *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989). Allegations contained in pleadings are not evidence. *State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). Recitations of the facts contained in a brief, or arguments of counsel, also are not evidence. *Id.*

When a trial court decides a case without a jury, its findings of fact are presumed to be correct unless the evidence in the record preponderates against them. Tenn. R. App. P. 13(d). Where factual issues are raised, without an appellate record containing the facts, this court cannot

perform a *de novo* review or determine the preponderance of the evidence. *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). Therefore, in such cases, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings. *Id*.; *McDonald*, 772 S.W.2d at 914; *Gotten v. Gotten*, 748 S.W.2d 430, 432 (Tenn. Ct. App. 1988); *Irvin v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1987).

The issues raised by Mr. Bialik involve the weight, sufficiency and preponderance of the evidence underlying the trial court's findings. We must conclusively presume that there was sufficient evidence to support the trial court's findings. *Coakley v. Daniel*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992). Accordingly, we must affirm the judgment of the trial court.

The judgment of the trial court is affirmed. Costs are taxed to the appellant, Joseph J. Bialik.

_____
PATRICIA J. COTTRELL, JUDGE