IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 15, 2002

## MOHAMMAD D. HUSSAINI, ET AL. v. GRANGE MUTUAL CASUALTY COMPANY, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 98C-1004     Walter C. Kurtz, Judge**

_____

**No. M2001-00658-COA-R3-CV - Filed August 28, 2002**

_____

Homeowners, unsatisfied with repairs to their home following a fire, sued their insurance company, the contractor who performed repairs on their home, and another contractor who removed personal property for cleaning and repair. The homeowners settled their claims against the insurance company and, on the day of trial, voluntarily dismissed their claims against the contractor for cleaning of their personal property. The trial proceeded upon their claims against the contractor who repaired the fire damage in their home, and the trial court entered a judgment for $650.00 in favor of the homeowners. Because the appellate record includes no record of the evidence taken at trial, we must presume the trial court's findings were supported by the record. Accordingly, we affirm the trial court's judgment.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM C. KOCH, JR., J., joined.

Mohammad D. Hussaini, Nashville, Tennessee, Pro Se.

Mark S. LeVan, Nashville, Tennessee, for the appellee, Grange Mutual Casualty.

**OPINION**

This action arose out of a fire at plaintiffs' home. Their insurance carrier apparently contracted with Alden Ward d/b/a Master Craft/Master Clean to perform repair and cleanup services at the home and with Kenneth Lewis to remove, clean and store certain personal property damaged by the fire, including furniture and expensive rugs. The plaintiffs sued all three alleging: (1) that Grange Mutual Casualty Company had failed to promptly pay for damages resulting from the fire, thereby breaching its obligation under the insurance contract; (2) that Alden B. Ward d/b/a Master Craft/ Master Clean failed to completely and adequately repair the damage and had, by failing to

exercise reasonable care, caused further damage to plaintiffs' property, including a hot water tank, and (3) that Kenneth Lewis removed personal property from the plaintiffs' home to clean and repair, but had disposed of the property valued at over $18,000, without notice to the plaintiffs, because the insurance company failed to pay for storage of the articles.

Prior to trial, plaintiffs compromised and settled the claim against Grange Insurance Company, and that claim was dismissed with prejudice. On the day of trial, plaintiffs' counsel announced the intention to take a voluntary dismissal without prejudice of the claim against Kenneth Lewis.

Trial was held on the claim against Alden B. Ward d/b/a Master Craft/ Master Clean. The trial court's final order states:

> After hearing testimony of the parties and other witnesses, examination of the exhibits and from all of the evidence as a whole, it appears that the plaintiffs failed to prove by a preponderance of the evidence that they are entitled to damages related to the defendant's failure to install carpet or renovation of the downstairs bathroom in [plaintiff' home]. However, it appears that the plaintiffs have proven nominal damages in the amount of $650, constituting the amount remaining to complete repairs to the plaintiffs' home pursuant to the contract with the defendant Alden Ward.

The court entered judgment against Alden Ward, d/b/a Master Craft/ Master Clean for $650.00 and ordered the claim against Kenneth Lewis dismissed without prejudice to refiling.

The plaintiffs have appealed, appearing pro se. The record before us includes only the Technical Record and the exhibits introduced at trial, but without any record of the evidence explaining those exhibits. Neither a transcript of the trial nor a statement of the evidence has been filed pursuant to Tenn. R. App. P. 24. This limited record precludes our review of any factual issues.

On appeal, the homeowners complain they have not received the repairs due them under their insurance policy, that Mr. Lewis retained and disposed of valuable personal property, and that Mr. Ward damaged their home and failed to properly make necessary repairs. Their arguments against the insurance company cannot be considered because they settled their claim against Grange Mutual Casualty Company as evidenced by an order of compromise and settlement dismissing all claims against Grange with prejudice. No claims against the insurance company were tried or were the subject of the order appealed from.

Similarly, the homeowners' arguments concerning Mr. Lewis's disposition of their personal property are also not properly considered in this appeal because those claims were not part of the issues tried and decided by the trial court. The court's final order dismisses, at plaintiffs' request, the claims against Mr. Lewis, without prejudice to refiling. Because the homeowners took a voluntary nonsuit before the trial began, the claims against Mr. Lewis were not tried and not ruled

upon by the court. The homeowners could have re-filed their lawsuit against Mr. Lewis, which would have been the appropriate way to proceed with their claims against him.

As to the claims against Alden Ward, the homeowners argue they sustained great damage to their home because of Mr. Ward's improper repair attempts and that some repairs remain undone. We interpret these statements as an argument that the evidence preponderates against the trial court's finding that the plaintiffs proved only nominal damages of $650.00.

Where the issue on appeal is one of fact, this court must be presented with a record that allows us to make the review necessary under Tenn. R. App. P. 13. Because our jurisdiction is appellate only, our review power is limited to those factual and legal issues for which an adequate legal record has been preserved. Tenn. R. App. P. 13(c); *Dorrier v. Dark*, 537 S.W.2d 888, 890 (Tenn. 1976).

It is the duty of the appellant to prepare an adequate record in order to allow meaningful review on appeal. Tenn. R. App. P. 24(b); *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983); *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989). Allegations contained in pleadings are not evidence. *State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). Recitations of the facts contained in a brief, or arguments of counsel, also are not evidence. *Id.*

When a trial court decides a case without a jury, its findings of fact are presumed to be correct unless the evidence in the record preponderates against them. Tenn. R. App. P. 13(d). Where factual issues are raised, without an appellate record containing the evidence, this court cannot perform a *de novo* review or determine the preponderance of the evidence. *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). Therefore, in such cases, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings. *Id.*; *McDonald*, 772 S.W.2d at 914; *Gotten v. Gotten*, 748 S.W.2d 430, 432 (Tenn. Ct. App. 1988); *Irvin v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1987).

The issues raised by the homeowners with regard to the judgment against Mr. Ward involve the sufficiency and preponderance of the evidence underlying the trial court's findings. We must conclusively presume that there was sufficient evidence to support the trial court's findings. *Coakley v. Daniel*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992). Accordingly we must affirm the judgment of the trial court.

The judgment of the trial court is affirmed. Costs are taxed to the appellant, Mohammad D. Hussaini.

_____
PATRICIA J. COTTRELL, JUDGE