### Jessie D. McDONALD, d/b/a McDonald Enterprises, Plaintiff–Appellant,

v.

### Emezie F. ONOH, Defendant–Appellee.

Court of Appeals of Tennessee, Middle Section.

April 26, 1989.

Application for Permission to Appeal Denied by Supreme Court June 26, 1989.

Jessie D. McDonald, Nashville, pro se.

Alan M. Sowell, Gracey, Ruth, Howard, Tate & Sowell, Nashville, for defendant-appellee.

## OPINION

LEWIS, Judge.

Plaintiff appealed from the trial court's dismissal of his negligence action following the jury's verdict finding that defendant was not guilty of negligence.

Plaintiff presents four "issues:" (1) "whether the trial judge erred by refusing to allow the accident report to be filed as an exhibit;" (2) "whether the trial judge erred by refusing to allow the cost estimate for repairs to be filed as an exhibit;" (3) "whether the trial judge erred by refusing to instruct the jury on the laws which supported the facts and proposition of theory that was proved at the trial;" and (4) "whether there is evidence to support the jury verdict."

No transcript of the evidence was filed. Plaintiff relies solely on the technical record.

The absence of a transcript or statement of the evidence has a significant effect upon the scope of this Court's review of a jury verdict. In normal circumstances, Tenn.R.App.P. 13(d) directs this Court to review the record to determine whether there is material evidence to support the verdict. *Electric Power Bd. v. St. Joseph Valley Structural Steel Corp.*, 691 S.W.2d 522, 526 (Tenn.1985); *Harper v. Watkins*, 670 S.W.2d 611, 631 (Tenn.App.1983); *Bynum v. Hollowell*, 656 S.W.2d 400, 402 (Tenn.App.1983). However, without a transcript or statement of proceedings this Court must presume that every fact admissible under the pleadings was found or should have been found in the appellee's favor. *Gotten v. Gotten*, 748 S.W.2d 430, 432 (Tenn.App.1987); *Richmond v. Richmond*, 690 S.W.2d 534, 536 (Tenn.App. 1985); *In re Rockwell*, 673 S.W.2d 512, 516 (Tenn.App.1983).

The Tennessee Rules of Appellate Procedure place the responsibility for the preparation of the transcript or a statement of evidence squarely on the shoulders of the parties. The appellant has the primary burden to see that a proper record is prepared on appeal and filed in this Court. Tenn.R.App.P. 24.

■ Both plaintiff and defendant set forth "facts" in their briefs. These "facts" cannot be considered. They are not a part of the record.

There is nothing in the record which refers to a "cost estimate for repairs." There is nothing in the record to show that the trial court refused "to instruct the jury, on the laws which supported the facts and proposition of theory that was proved at the trial."

We do find in the record an order in which the trial court gives his reasons for excluding the accident report. However, the accident report is not a part of the record and, in any event, the plaintiff concedes that the officer's report was "based solely on the statements given him by plaintiff and defendant."

■ Police reports are hearsay and are not admissible as evidence. The primary problem with the admissibility of police reports is that the report is hearsay made up of opinion or conclusion not based on personal knowledge. Paine, *Tennessee Law of Evidence* § 108 (1974); *McBee v. Williams*, 56 Tenn.App. 232, 238, 405 S.W.2d 668, 671 (1966):

> Police reports based upon statements of witnesses are hearsay and are not admissible in evidence. The reasoning behind this rule is that if the officer is present he can testify as to his first hand knowledge. He cannot testify as to what was told to him and such matters could not be admitted with the report in any event. If the report is admitted, it may not contain material to which the author, had he been present, would be incompetent to testify.

Burch, *Trial Handbook for Tennessee Lawyers* § 322 (1980) (citations omitted).

■ For this Court to review either of the issues raised by defendant, there must be a transcript. In the absence of a transcript, we must conclusively presume there was sufficient evidence to support the verdict and that the trial court properly instructed the jury. *See Eller Bros., Inc. v. Perkins*, 223 Tenn. 152, 155–156, 443 S.W.2d 440, 441 (1969).

■ Under the circumstances, this is a frivolous appeal. Tenn.Code Ann. § 27-1-122. Successful litigants should not have to bear the expense and vexation of groundless appeals. *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn.1977).

The judgment of the trial court is affirmed and, on remand, the plaintiff-appellant will be taxed with all costs, including the costs of appeal and appellee's expense including attorney's fees reasonably incident to this appeal.

The cause is remanded for further proceedings consistent with this opinion.

TODD, P.J., and CANTRELL, J., concur.