WILLIAM H. FORLINES, III,                )
                                         )
        Plaintiff/Appellee,              )
                                         )        Appeal No.
                                         )        01-A-01-9703-GS-00121
VS.                                      )
                                         )        Sumner General Sessions
                                         )        No. 2475-G
PATRICIA A. FORLINES,                    )
                                         )
        Defendant/Appellant.             )

FILED

September 24, 1997

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE GENERAL SESSIONS COURT OF SUMNER COUNTY
AT GALLATIN, TENNESSEE

THE HONORABLE BARRY R. BROWN, JUDGE

MICHAEL W. EDWARDS
177 East Main Street
Hendersonville, Tennessee 37075
        Attorney for Plaintiff/Appellee

JAMES ROBIN McKINNEY, JR.
Suite 103
214 Second Avenue North
Nashville, Tennessee 37201
        Attorney for Defendant/Appellant

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
KOCH, J.

# MEMORANDUM OPINION[1]

The appellant has appealed a judgment of the General Sessions Court of Sumner County granting her a divorce and enforcing a property settlement agreement. On appeal she asserts that (1) there is no pleading in the record whereby she sought a divorce and (2) that the property settlement agreement was not enforceable.

Although the lower court held two separate hearings in which oral testimony was taken -- one on the validity of the property settlement agreement and another on the divorce -- the appellant has not filed a transcript of the evidence from either hearing.

With respect to the pleadings, the record shows that the appellant filed a complaint for divorce in the Circuit Court of Sumner County on June 14, 1995, which the husband opposed on the ground of improper venue (the husband was a resident of Marshall County). The circuit court dismissed the wife's complaint and the husband then filed this action in the General Sessions Court of Sumner County. When the wife moved the circuit court to reconsider the order of dismissal, the court overruled the motion but ordered that the file be transferred to the general sessions court to be consolidated with the husband's case. Although the wife's original complaint from the circuit court does not appear in the record on appeal, the wife and the husband each filed answers to the respective complaints.

---

[1]Rule 10(b) of the Rules of the Court of Appeals reads as follows:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

It is, therefore, clear that the wife filed a complaint seeking a divorce, to which the husband filed an answer. Although the wife's complaint does not appear in the appellate record, the lower court can hardly be faulted for granting her a divorce under these circumstances.

The wife's objections to the property settlement agreement are based on allegations of fact, i.e., that the husband did not disclose all of his assets, and that he obtained the wife's signature by fraud, duress, and undue influence. The trial judge held a separate hearing on these issues and declared the agreement to be valid. Since the appellant has not preserved the evidence presented at the hearing, we cannot reach the issues raised. *See Sherrod v. Wix*, 849 S.W.2d 780 (Tenn. App. 1992).

The appellee asserts that this is a frivolous appeal. We agree. See Tenn. Code Ann. § 27-1-122. An appeal on factual issues without a transcript of the evidence is a frivolous appeal. *See McDonald v. Onoh*, 772 S.W.2d 913 (Tenn. App. 1989).

The judgment of the lower court is affirmed and the cause is remanded to the General Sessions Court of Sumner County for the enforcement of its judgment and the assessment of damages for a frivolous appeal. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
WILLIAM C. KOCH, JR., JUDGE