IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

## BENNY SKINNER v. NANNIE BELL

**Direct Appeal from the Circuit Court for Montgomery County**
**No. C9-295     James E. Walton, Judge**

---

**No. M1999-02078-COA-R3-CV - Decided June 16, 2000**

---

A Clarksville landowner asked the court to order a neighboring homeowner to remove a fence that he claimed encroached on his property. The homeowner claimed that she had considered the disputed property to be part of her yard for over twenty years. The trial court granted the plaintiff's demand because the deeds presented to the court showed that the plaintiff had title to the disputed property and the defendant did not. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

CANTRELL, P.J., M.S., delivered the opinion of the court, in which KOCH and CAIN, JJ. joined.

Nannie Bell, Clarksville, Tennessee, Pro Se.

Roger A. Maness, Clarksville, Tennessee, for the appellee, Benny Skinner.

## MEMORANDUM OPINION[1]

On May 13, 1993, Benny F. Skinner filed a complaint in the Circuit Court of Montgomery County asking that he be adjudged the owner of a small piece of property enclosed within a chain link fence that homeowner Nannie Bell erected around her home and yard. For her part, Mrs. Bell claimed that she was the owner of the disputed property by virtue of a 1987 purchase.

---

[1]Rule 10(b) of the Rules of the Court of Appeals reads as follows:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

Mr. Skinner attached to his complaint copies of all the documents in his chain of title, as well as the deed to Mrs. Bell's own property. The technical record also contains the deposition of Mrs. Bell. On July 7, 1999, the trial court entered its judgment on this case. The court stated that the disputed property was vested in the plaintiff, and found that its boundaries were accurately reflected on a survey prepared by licensed surveyor Joseph A. Gannon, on August 10, 1998. The court also ordered the defendant to remove her fence. This appeal followed.

## II.

Findings of fact by a trial court are presumed on appeal to be correct, unless the preponderance of the evidence is otherwise. Rule 13(d), Tenn. R. App. P. Mrs. Bell did not file a transcript of the hearing in the trial court, nor did she file a statement of the evidence pursuant to Rule 24(c), Tenn. R. App. P. In cases where there is no transcript or statement of the evidence, the presumption of correctness becomes almost conclusive, for we are obliged to assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's findings. *McDonald v. Onoh*, 772 S.W.2d 913 (Tenn. Ct. App. 1989).

In her deposition, appellate brief, and in oral argument, Mrs. Bell has consistently asserted that she and her family first rented the house at 804 Martin Street in 1969; that they treated the entire lot (including the disputed property) as part of their tenancy; and that when she purchased the property in 1987, the sellers led her to believe that they would be conveying the entire lot to her.

She has also stated that when she saw the deed, she realized it gave her less than what she bargained for, and that one of the sellers promised to give her another deed for the remainder of the property, but did not keep his promise. She built a fence around the property because she anticipated that there would be trouble over the title, and she claimed that the plaintiff, Mr. Skinner, mercilessly harassed her and trespassed on her land in order to get her to give up the disputed property.

But even if we treated all these assertions as established fact, we would still have to affirm the trial court. We note that Mrs. Bell's recorded deed does not include the disputed land, and her occupation and enclosure of it do not meet the requirements for title by adverse possession. *See* Tenn. Code. Ann. § 28-2-101, et seq.

Further, Mr. Skinner's chain of title is totally distinct from Mrs. Bell's, and appears to be facially valid. The documents in the technical record indicate that the property in question was originally part of the Smith & Lurton Addition to the City of Clarksville; that it was purchased as part of a larger parcel by the Tennessee Central Railway Company; that upon reorganization of that company it was transferred to the Illinois Central Railroad, and then to the Illinois Central Gulf Railroad; and that in 1984 it was purchased by the Montel Metals Company of Jeffersonville, Indiana. In 1988, Montel Metals quitclaimed its interest in the disputed property to Mr. Skinner.

Mrs. Bell's title is derived from her original landlord, Elmo Winters. There is no indication in the record as to how he acquired the property. After Mr. Winters died in 1972, Robert Wyatt and

Robert Clark bought the property at a foreclosure sale on his estate. In 1987, Mrs. Bell purchased the property from Mr. Wyatt and Mr. Clark, and received a deed that she found to be inadequate. Mrs. Bell does not claim that the deed includes the disputed land, nor does she contend that Mr. Skinner is in any way responsible for the derelictions committed by Mr. Clark and Mr. Wyatt. She has thus asserted no ground upon which this court could find her to be the rightful owner.

**III.**

The judgment of the trial court is affirmed. Remand this cause to the Circuit Court of Montgomery County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant, Nannie Bell.