# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### MARCH 6, 2001 Session

## RONALD ROBINETTE, SR. v. MARK JOHNSON

**Direct Appeal from the Chancery Court for Sumner County**
**No. 97C-298; The Honorable Tom E. Gray, Chancellor**

---

**No. M2000-01514-COA-R3-CV - Filed June 21, 2001**

---

This appeal involves a dispute over a promissory note. The jury below found for the Plaintiff. We affirm the trial court and remand for a determination of reasonable attorneys' fees incurred by Plaintiff with respect to this appeal.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and DON R. ASH, J., joined.

Mark A. Baugh, Nashville, for Appellant

Keith C. Dennen, James C. Bradshaw, Nashville, for Appellee

## MEMORANDUM OPINION[1]

On December 24, 1996, Defendant Mark Johnson executed a promissory note (Note) in the principal amount of $31,216.00, payable to Ronald Robinette, Sr. Mr. Johnson failed to pay the Note. Because of Mr. Johnson's failure to pay the Note, Mr. Robinette filed suit. In his answer, Mr. Johnson denied execution of the promissory note, and he denied that the Note was due and payable. The case was tried in the Sumner County Chancery Court before a jury. At the conclusion of the trial, the jury found the Defendants, Mark Johnson and Andy Page, liable to Plaintiff Robinette, for money loaned pursuant to the terms of the promissory note in the amount of $28,366.00. The jury

---

[1] Rule 10 (Court of Appeals). Memorandum Opinion. – (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

also awarded Plaintiff Robinette prejudgment interest at the rate of ten percent and attorney's fees in the amount of $70,078.43. The trial court entered its order reflecting the jury verdict against the Defendants, Mark Johnson and Andy Page, jointly and severally. On May 9, 2000, the trial court denied Mr. Johnson's Motion for a Judgment Notwithstanding the Verdict, or Alternatively for a New Trial or Alternatively, for a Remittitur, and the court denied Mr. Johnson's Motion to Dismiss. Mr. Johnson filed his Notice of Appeal on June 1, 2000.[2]

Mr. Johnson presents six issues for our review.

1) Whether the court's failure to direct a verdict in favor of Mr. Johnson or Judgment Notwithstanding the Verdict during post-trial proceedings constituted reversible error.
2) Whether the court's failure to grant Mr. Johnson's Motion in Limine constituted reversible error.
3) Whether the chancellor erred in failing to recuse himself.
4) Whether the court erred in failing to grant a new trial based on the failure to instruct the jury on the cross-claims.
5) Whether the court erred when it did not grant Mr. Johnson's Motion to Dismiss.
6) Whether the attorneys' fees awarded to Plaintiff were clearly excessive.
No transcript of the evidence was filed. The Appellant relies solely on the technical record.

## Standard of Review

"The absence of a transcript or statement of the evidence has a significant effect upon the scope of this Court's review of a jury verdict." McDonald v. Onoh, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989). In the typical case, Rule 13(d) of the Tennessee Rules of Appellate Procedure requires us to review the record to determine if there is material evidence to support the verdict. See id. "However, without a transcript or statement of proceedings this Court must presume that every fact admissible under the pleadings was found or should have been found in the appellee's favor." See id. (citations omitted). While the Tennessee Rules of Appellate Procedure place the responsibility for the preparation of the transcript or a statement of the evidence on the shoulders of the parties, the appellant has the primary burden of filing a proper record with this court. See id. (citing TENN. R. APP. P. 24).

## Law and Analysis

First, Mr. Johnson asserts that the court erred by failing to direct a verdict in his favor or by failing to grant a Judgment Notwithstanding the Verdict. In support of this argument, Mr. Johnson makes numerous references to "the proof at trial." As stated above, Mr. Johnson elected not to file a transcript or statement of the proof presented at trial. Therefore, this court lacks the ability to consider this issue. See McDonald, 772 S.W.2d at 914.

___

[2] Although Plaintiff Robinette was granted a Default Judgment against the Defendants, Bob Hayes and James E. Hayes, neither Defendant filed a notice of appeal. Additionally, Plaintiff Robinette dismissed his claim against Defendant Andy Page. Therefore, the instant appeal involves only Defendant Johnson.

Next, Mr. Johnson contends that the trial court erred in failing to grant his Motion in Limine. Specifically, Mr. Johnson argues that the trial court erred in denying his motion to exclude evidence regarding his conviction for arson and his use of the alias, "Bob White." Rule 3(e) of the Tennessee Rules of Appellate Procedure states in relevant part:

> **[I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence**, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, **unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived.**

TENN. R. APP. P. 3(e).

Clearly, the issues surrounding Mr. Johnson's Motion in Limine relate to the "admission or exclusion of evidence." Thus, Mr. Johnson's failure to include the alleged errors in his motion for new trial constitutes a waiver of those issues. See id. Moreover, due to Mr. Johnson's failure to file a sufficient record, we are unable to review evidentiary issues.

Third, Mr. Johnson asserts that the chancellor should have recused himself from the trial. Apparently, Chancellor Gray testified as a fact witness in another matter involving Mr. Johnson. After a review of the transcript that was filed containing Chancellor Gray's testimony, it is evident that Chancellor Gray was a fact witness on a very limited topic. Chancellor Gray only testified about Mr. Johnson's testimony regarding his educational background during the course of another case in which Chancellor Gray presided. Accordingly, after reviewing Canon 3, section E of the Code of Judicial Conduct,[3] we find that Chancellor Gray's limited testimony as a fact witness did not rise to the level of being a "material witness." Therefore, we find that it was not error for the chancellor to decline to recuse himself in this matter.

Fourth, Mr. Johnson contends that the court erred in failing to grant him a new trial based upon the court's failure to instruct the jury on the cross-claims. Mr. Johnson argues in his brief that "[s]pecial verdict forms should use the same terms as those used in the jury instructions. They should repeat and highlight the salient issues discussed in the instructions. Inconsistencies with jury instructions and the special verdict form may confuse the jury." Again, we are unable to consider this argument because Mr. Johnson failed to file a transcript of the evidence on appeal, and we do not have the jury charge in the record before us. Therefore, this issue is without merit.

---

[3] Canon 3, Section E of the Code of Judicial Conduct states the following, in pertinent part: A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where: (b) the judge has been a material witness. . . .

Fifth, Mr. Johnson asserts that the court erred when it did not grant his motion to dismiss. Appellant argues that "[t]he jury in error found that a partnership existed between Mr. Johnson and Mr. Page in A & M Construction Company." Apellant Brief at 23. Therefore, Mr. Johnson argues, he should have been dismissed from the case because the Plaintiff released A & M Construction and the jury found that he was a partner in A & M Construction. The record before us includes no finding by the jury of a partnership between Johnson and Page. However, we do have before us the promissory note that Mr. Johnson signed as maker, which is enough to sustain Mr. Johnson's liability. Therefore, this issue is without merit.

Sixth, Mr. Johnson contends that the attorneys' fees awarded to Plaintiff were clearly excessive. Again, the appellant bears the burden to see that a proper record is prepared on appeal and filed in this court. TENN. R .APP. P. 24. Because Mr. Johnson did not provide this court with a transcript of the evidence, we must presume that the findings of the jury with respect to the award of attorneys' fees are supported by the evidence. See McDonald, 772 S.W.2d at 914.

Finally, the Plaintiff requests his attorney's fees associated with the costs of this appeal. "The rule is well established in this state that in the absence of a contract, statute or recognized ground of equity so providing there is no right to have attorneys' fees paid by an opposing party in civil litigation." State v. Thomas, 585 S.W.2d 606, 607 (Tenn. 1979) (citations omitted). In the instant case, however, the promissory note states that "[i]n the event this note shall be in default, and placed with an attorney for collection, then the undersigned agree to pay all reasonable attorney fees and costs of collection." Accordingly, we remand this case to the trial court for a determination of the amount of attorneys' fees incurred by Plaintiff Robinette with respect to this appeal.

**Conclusion**

For the aforementioned reasons, we affirm the judgment of the trial court and remand for further proceedings consistent with this opinion. Costs on appeal are taxed to Mark Johnson, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE