IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 31, 2003

## NAOMI HAUSLER v. DISCOUNTS R US, INC.

**Appeal from the Circuit Court for Smith County**
**No. 4963-W     John D. Wootten, Jr., Judge**

---

**No. M2002-01465-COA-R3-CV - Filed March 13, 2003**

---

Plaintiff, pro se, appeals the action of the trial court in denying her Petition in the Nature of a Petition to Vacate a Void Judgment and Collateral Attack. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Naomi Haulser, Carthage, Tennessee, Pro Se.

Arthur C. Grisham, Chattanooga, Tennessee, for the appellee, Discounts R Us, Inc.

**OPINION**

This case was initiated in the General Sessions Court of Smith County, Tennessee, when Appellee, Discounts R Us, filed suit against Appellant Naomi Hausler, "[f]or $$6,870.20 due by contract, which amount is within the jurisdictional limit of the court pursuant to TCA 16-15-501 and which includes attorneys (sic) fees and interest at 9.9% per annum as of February 13, 2001, and credits of $.00, plus additional interest and fees from February 13, 2001, to judgment plus costs of this suit." The general sessions court civil warrant was served upon Appellant, Naomi Hausler, on November 20, 2000, and the case set for trial therein on February 15, 2001. Trial of the case was continued until February 22, 2001, when it came on to be heard before the general sessions judge. Ms. Hausler did not appear, and on February 22, 2001, judgment against her in the amount of $4,949.92 was entered. Ms. Hausler did not appeal the judgment, and it became final ten days after entry.

After the judgment became final, the judgment creditor caused execution to issue, and same was levied upon her bank account at Citizens Bank of Carthage whereupon the bank paid the sum of $2,028.62 into the registry of the court. On August 10, 2001, Ms. Hausler filed a pleading in the general sessions court entitled Petition in the Nature of a Petition to Vacate a Void Judgment and

Collateral Attack. Discounts R Us filed a Motion to Dismiss the Petition to which Ms. Hausler filed a Response. The general sessions court dismissed the Petition.

On November 19, 2001, Ms. Hausler filed, in the Circuit Court for Smith County, her Petition in the Nature of a Petition to Vacate a Void Judgment and Collateral Attack. On May 17, 2002, the Circuit Court of Smith County dismissed the Petition of Plaintiff, and Ms. Hausler timely appealed.

On the opening page of her brief, Ms. Hausler, pro se Appellant, invites this Court to dismiss her appeal as frivolous "[i]f this tribunal finds that counsel for Discounts verified on record that the actual note was available for inspection, that an officer of the original Lender validated the debt, and that an accounted was verified." The appeal is totally frivolous without regard to the conditions of her offer.

The trial court, in its Order of Dismissal of May 17, 2002, following a hearing on May 6, 2002, held:

> The plaintiff appeared, pro se, and the defendant appeared by its attorney.
> Based upon a review of the entire record and representations made by the plaintiff and by counsel for the defendant in open court, the court finds that the plaintiff was served with process in case docket number 8758-24-179 in the General Sessions Court of Smith County, Tennessee, that the plaintiff was aware that she had been ordered to appear in court on the assigned trial date, and that the plaintiff failed to appear intentionally on the assigned hearing date. The court further finds that a default judgment was properly entered in favor of Discounts R Us, Inc., against Naomi Hausler by the General Sessions Court of Smith County, and that the General Sessions Court had jurisdiction of both the subject matter and the person of Naomi Hausler. Subsequent to the entry of the judgment by the General Sessions Court of Smith County, Discounts R Us, Inc., caused a levy to be issued against property of Ms. Hausler, following which she filed papers in the General Sessions Court for Smith County on August 10, 2001, entitled "Petition in the Nature of a Petition to Vacate a Void Judgment and a Collateral Attack." A hearing was held by the General Sessions Court for Smith County, Tennessee, on October 25, 2001, at which time that court ruled that the petition filed by Ms. Hausler should be dismissed because that court lacked jurisdiction to reopen a final judgment. Ms. Hausler then filed the present proceedings and has asserted in her Motion *in Limine* and Memorandum of Law that the judgment rendered by the General Sessions Court for Smith County, Tennessee, was void on the grounds that the court lacked personal and subject matter jurisdiction, and further asserting that this court should rule on her petition as a matter of law, without any discovery and without the submission of any proof.
> From all of which the court holds that the General Sessions Court of Smith County Tennessee had both personal and subject matter jurisdiction of the

proceedings filed therein, that the plaintiff in these proceedings had notice of the proceedings in the General Sessions Court and had an opportunity to appear and contest the issues but failed to do so, and that there was no aspect of the proceedings in the General Sessions Court for Smith County, Tennessee, which violated due process. Accordingly, it is

        ORDERED that the plaintiff's action herein is dismissed with prejudice.

        Costs are taxed against the plaintiff.

The record shows without dispute:

1.     The general sessions court civil warrant was served on Naomi Hausler on November 21, 2000;

2.     On the face of the warrant trial was set for February 15, 2001;

3.     Trial was held on February 22, 2001 and default judgment was entered against Naomi Hausler at that time;

4.     No timely appeal was filed by Naomi Hausler.

In the Order of May 17, 2002, the Circuit Court of Smith County held "that the plaintiff was aware that she had been ordered to appear in court on the assigned trial date, and that the plaintiff failed to appear intentionally on the assigned hearing date." The record in the circuit court at the May 6, 2002 hearing further discloses:

> MS. HAUSLER: Well, I'm here to vacate this void judgement and collateral attack.
>
> THE COURT: Now then, there was, I take it, in Sessions Court, some kind of trial; is that right?
>
> MS. HAUSLER: No. It was a default judgement placed against me.
>
> THE COURT: Okay. So a lawsuit was filed against you by Discounts-R-Us. You were served. There wasn't - - you didn't appear; is that right?
>
> MS. HAUSLER: Right.
>
> THE COURT: A default was entered against you?
>
> MS. HAUSLER: Right.
>
> THE COURT: Did you appeal that judgment within 10 days?
>
> MS. HAUSLER: No, I did not, because I didn't know that there was a judgment placed against me at that time.
>
> THE COURT: You were served, and was not a Court date set on that summons?
>
> MS. HAUSLER: There were two different Court dates set; one was for the16th, and then I understand that the Court date was also for the 22nd.
>
> THE COURT: All right. Did you appear on the 16th or - -
>
> MS. HAUSLER: No, I did not.
>
> THE COURT: Why not?
>
> MS. HAUSLER: Well, I didn't think they had a case, because there's no contract there. I didn't sign any contract with these people.

THE COURT: I realize that, and that may be exactly right, but why did you not appear in Sessions Court?

MS. HAUSLER: I was told, unfortunately, by somebody that I should not appear because it was not relative to, you know, - - so I was given the wrong information.

THE COURT: Was this a lawyer?

MS. HAUSLER: No, no, it wasn't.

THE COURT: So somebody gave you some free advice that wasn't worth - -

MS. HAUSLER: Anything.

THE COURT: - - anything. So you're saying that they can't - - you're saying that they can't conduct discovery in this case that you have filed against them because it's a collateral attack?

MS. HAUSLER: There's no discovery, no. This is a void judgement. It was void from the time the Order was signed.

THE COURT: Well, may be true, I don't know, but the problem is if you didn't appear and contest it at the right time, you're suppose to appeal that within 10 days of the entry of the judgement. Why didn't you do that?

MS. HAUSLER: Like I said, I didn't realize there was a judgment placed against me.

. . . .

THE COURT: Okay, all right, so you never appealed anything that Judge Preston did; is that right, ma'am?

MS. HAUSLER: No. I was going to, because I was going to - -

THE COURT: You've got to anser my question.

MS. HAUSLER: No, I didn't.

In short, the amount sued for and the instrument sued upon in the general sessions court was well within the subject matter jurisdiction of that court. Ms. Hausler was personally served with process. Ms. Hausler knew the trial date set for hearing the case in general sessions court. Ms. Hausler intentionally refused to appear. Default judgment was then properly entered against her by the general sessions court. She did not appeal within ten days of the entry of the general sessions court judgment. The judgment thus became final.

Every jurisdictional fact necessary for sustaining both subject matter and in personam jurisdiction of the general sessions court affirmatively appears in this record. The judgment of the general sessions court was valid, binding and final, and the trial court correctly so held. *New York Cas. Co. v. Lawson*, 24 S.W.2d 881 (Tenn. 1930).

Normally, pro se litigants are accorded a degree of deference based upon their status as laymen. In this case, Ms. Hausler has abused her status in a manner that would bring instant

disciplinary proceedings against a member of the bar. In her reply brief before this Court, she asserts:

> Mr. Grisham, in his so-called Brief of Defendant/Appellee, offers nothing to dispute any of the points of law articulated by Naomi Hausler in Appellant's opening brief. Mr. Grisham cites no fact appearing in the original record to verify that Discounts R Us., Inc. established standing or damages as such Discounts' judgment is facially void. Mr. Grisham should be invited to testify before a federal grand jury regarding the interstate scheme of fraud he is involved in which consists of buying charged-off commercial paper at a deep discounts (Discounts R Us - get it?) usually 1 and ½ cents on the dollar bought bundled where only the face value of the bundle is known. After purchasing worthless commercial paper, Grisham and others similar situated in this scam, harass and intimidate people like Naomi Hausler in to paying something they don't owe. The cause of justice, ideals of fair play and respect for the rule of law (criminal as well as civil) require this court vacate the void judgment (no standing, no evidence) and remand Arthur C. Grisham to other authority for inquiry into the criminal misconduct of Grisham.

This impertinence pales into insignificance in comparison to documents filed by her in the general sessions court and appended to Appellee's brief.

"A brief in no case can be used as a vehicle for the conveyance of hatred, contempt, insult, disrespect or professional discourtesy of any nature for the court of review, trial judge, or opposing counsel; invectives are not argument, and have no place in legal discussion, but tend only to produce prejudice and discord." *Trice v. Hewgley*, 381 S.W.2d 589, 597 (Tenn. Ct. App. 1964) (quoting 5 C.J.S. Appeal and Error § 1327).

Ms. Hausler asserts in her brief that she was "unable to secure competent counsel." This is understandable in view of the weakness of her position.

The appeal in this case is frivolous, and, pursuant to Tennessee Code Annotated section 27-1-122, Appellee is entitled to reasonable attorney's fees for defending the appeal. *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. Ct. App. 1977); *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989).

The judgment of the trial court is in all respects affirmed, and the case is remanded to the trial court for assessment of reasonable attorney's fees on appeal and collection of costs which are assessed to Appellant.

_____
WILLIAM B. CAIN, JUDGE