IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 6, 2006 Session

## IN RE: S.L.D.

**Appeal from the Chancery Court for Knox County**
**No. 159884-1     John F. Weaver, Chancellor**

---

**No. E2005-01330-COA-R3-PT - FILED APRIL 26, 2006**

---

In this case, the trial court terminated a mother's parental rights to her biological child upon grounds that she committed severe child abuse and that termination was in the child's best interest. The mother asserts that clear and convincing evidence was not presented that she committed severe abuse or that termination was in the best interest of the child. Mother argues that the judgment of the trial court should be vacated and the case remanded for new trial because of the unavailability of either a transcript of the proceedings below or a statement of the evidence. We vacate the order of the trial court as to termination of the parental rights of the mother and remand for new trial because the record provided this Court is insufficient to allow proper appellate review.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated; Cause Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Kelly O. Herston, Knoxville, Tennessee, for the Appellant Kelly Drew.

Byron Bryant, Knoxville, Tennessee, for the Appellees William Louis Haworth and Barbara Regina Haworth.

## OPINION

### *I. FACTUAL AND PROCEDURAL BACKGROUND*

In the spring of 2003, the three biological children of the appellant, K.D., were removed from her custody upon petitions alleging that they were dependant and neglected. One of these children, S.L.D., was placed in the custody of the appellees, William Louis Haworth and Barbara Regina Haworth. In December of 2003, the Haworths filed a petition in the Knox County Chancery Court to terminate K.D.'s parental rights with the intent of adopting S.L.D.

The trial court appointed counsel for K.D. because of her indigency. By agreement of the parties, the issues of whether grounds existed for termination of parental rights and whether termination was in the child's best interest were bifurcated, and the case was tried in April of 2004 and March of 2005. No party secured the services of a court reporter for trial or used any recording device, and, consequently, there is no transcript of any of the trial proceedings in this case.

On October 4, 2004, the trial court entered its memorandum opinion ruling that grounds existed for termination of parental rights to S.L.D. In a subsequent memorandum opinion entered April 4, 2005, adopting and incorporating the opinion of October 4, 2004, the trial court further concluded that termination of parental rights was in S.L.D.'s best interest. Thereafter, on May 27, 2005, the trial court entered its order terminating the parental rights of S.L.D.'s biological parents stating, *inter alia,* as follows:

> That clear and convincing evidence has been found by this Court that the Respondents have engaged in severe child abuse, pursuant to T.C.A. 36-1-113(g)(4) and T.C.A. 37-1-102(b)(21), against siblings of the child who is the subject of this action. The Court's Memorandum Opinion of October 4, 2004, which specifically addresses this matter, is incorporated by reference as if fully set out herein.

> That clear and convincing evidence has been found by this Court that termination of the Respondents' parental rights is in the best interests of the minor child [S.L.D.], according to the Court's Memorandum Opinion of April 4, 2005, which is incorporated by reference as if fully set out herein.

K.D. appeals the trial court's order terminating her parental rights to S.L.D.[1] and raises the following issues:

1) Whether the record presented on appeal is sufficient to allow this court to conduct a proper review of the trial court's findings and conclusions.

2) Whether the trial court's ruling that K.D.'s parental rights should be terminated upon grounds of severe child abuse was supported by clear and convincing evidence.

3) Whether the trial court's ruling that termination of K.D.'s parental rights was in S.L.D.'s best interest was supported by clear and convincing evidence.

---

[1] The termination of the parental rights of S.L.D.'s biological father is not contested in this appeal.

## II. STANDARD OF REVIEW IN TERMINATION CASES

A biological parent's right to the care and custody of his or her child is among the oldest of the judicially recognized liberty interests protected by the due process clauses of the federal and state constitutions. *Troxel v. Granville*, 530 U.S. 57, 65, 120 S. Ct. 2054, 2059-60 (2000); *Hawk v. Hawk*, 855 S.W.2d 573, 578-579 (Tenn. 1993); *Ray v. Ray*, 83 S.W.3d 726, 731 (Tenn. Ct. App. 2001). Although this right is fundamental and superior to claims of other persons and the government, it is not absolute. *State v. C.H.K.*, 154 S.W.3d 586, 589 (Tenn. Ct. App. 2004). It continues without interruption only as long as a parent has not relinquished it, abandoned it, or engaged in conduct requiring its limitation or termination. *Blair v. Badenhope*, 77 S.W.3d 137, 141 (Tenn. 2002). It is well established that "parents have a fundamental right to the care, custody, and control of their children." *In re Drinnon*, 776 S.W.2d 96, 97 (Tenn. Ct. App. 1988)(*citing Stanley v. Illinois*, 405 U.S. 645, 92 S. Ct. 1208, 31 L.Ed.2d 551 (1972). However, this right is not absolute and parental rights may be terminated if there is clear and convincing evidence justifying such termination under the applicable statute. *Id.*

Termination proceedings are governed by statute in Tennessee. Parties who have standing to seek the termination of a biological parent's parental rights must first prove at least one of the statutory grounds for termination. Tenn. Code Ann. § 36-1-113(c)(1). Secondly, they must prove that termination of the parent's rights is in the child's best interest. Tenn. Code Ann. § 36-1-113(c)(2). Because the decision to terminate parental rights has profound consequences, courts must apply a higher standard of proof in deciding termination cases. Therefore, to justify termination of parental rights, the party seeking termination must prove by clear and convincing evidence the ground (or grounds) for termination and that termination is in the child's best interest. Tenn. Code Ann. §36-1-113(c)(1); *In re Valentine*, 79 S.W. 3d 539, 546 (Tenn. 2002).

## III. ABSENCE OF A TRANSCRIPT OR STATEMENT OF THE EVIDENCE

As we have noted, none of the parties in this case arranged to have a court reporter present at trial or otherwise recorded the proceeding in any manner. As a result of this omission, this Court is deprived of a transcript of the testimonial evidence that was presented to the trial court and relied upon by the trial court in reaching its conclusions. In a memorandum opinion entered by the trial court on December 9, 2005, the court noted as follows:

> At the beginning of the second phase or "best interest" hearing, the trial court inquired of the parties' counsel as to whether any of them had been tape recording the proceedings. All counsel answered in the negative. The appellant's counsel further stated that he had considered obtaining a court reporter through the Administrative Office of the Courts but that his prior experience in going through the necessary administrative process dissuaded him.

K.D. and her attorney do not dispute that any expenses they might have incurred in employing a court reporter were reimbursable pursuant to Supreme Court Rule 13, Section 4. Despite that fact, they chose not to employ a court reporter for the following reasons as set forth in an affidavit of appellant's attorney:

> As I advised the Court in the status conference on September 21, 2005, the respondents did not procure the services of a court reporter for three reasons:
>
> (1) the indigent respondents assumed that petitioners would bring a court reporter because that is standard practice in contested matters for parties who are not indigent and can afford a court reporter;
>
> (2) the petitioners had alleged "grounds" for termination that we believed would be easily and summarily refuted; over the respondents' objection, the petitioners were allowed to amend their cause of action on the morning of the trial; the Court did offer a continuance to the respondents on that basis (*not because of anything related to the presence of a court reporter*) and the respondents elected to proceed with the trial as scheduled; and
>
> (3) based upon my personal experience, it is my personal opinion that the process of obtaining approval for a court reporter from the Administrative Office of the Courts is a nightmarish process that appears to be designed to deter such requests; thus, we were satisfied that we would not have to open that can of worms because (1) we felt [appellees' counsel] would bring a court reporter and, (2), even if he did not, we felt that his client's case would be quickly dismissed.

(emphasis in original).

In summary, appellant's attorney explains that he did not procure the services of a court reporter because he assumed the opposing counsel would do so, because he assumed that he would prevail at trial, and simply because he considered it to be too much trouble. None of these constitutes an adequate and acceptable explanation or reason for not obtaining the services of a court reporter. K.D.'s legal counsel's unwillingness to have the court proceedings recorded seriously compromised K.D.'s rights to an appellate review in a case involving the termination of her rights to her child. K.D.'s legal counsel was charged with the responsibility of providing competent legal representation to K.D. pursuant to Supreme Court Rule 8, Rule of Professional Conduct 1.1. At a bare minimum, this requires counsel to preserve his or her client's right to an appellate review. K.D.'s counsel's refusal to obtain a court reporter at trial, at state expense, because in his words, it was "a nightmarish process", is totally unacceptable. We do not believe obtaining authorization for a court reporter through the State of Tennessee to be a "nightmarish process", but even if it were,

many aspects of trial practice can be considered by some to be "nightmarish," yet counsel must pursue them to fulfill his or her obligations to the client.

Not only is there no transcript of the trial below, but there is no statement of the evidence in this case. Tenn. R. App. P. 24(c) provides for the filing of a statement of the evidence when a transcript is unavailable and provides in pertinent part as follows:

> If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available, the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal.

Although the appellant presented the trial court with a document purported to be a statement of the evidence, the trial court concluded that the document should not be approved as a statement of the evidence on the following grounds, as stated in its order of August 5, 2005:

> 1. The document does not constitute "a statement of the evidence or proceedings" prepared by the appellant but merely the proffer of sources or means for the preparation of such a statement;
>
> 2.The document is accompanied by an attachment entitled "MEMORANDUM," which contains matters outside the record as well as commentary and mental impressions of appellant's counsel; and,
>
> 3. The document does not constitute a statement, within the meaning of Rule 8A or 24(c) of T[enn]. R. A[pp]. P., which conveys a fair, accurate, and complete account of what transpired.

We agree with the trial court that the proferred statement of the evidence was woefully inadequate and should not have been approved. It does not appear that K.D.'s counsel made a serious attempt to comply with Tenn.R.App.P. 24(c) in his preparation of the statement of evidence.

In other types of civil cases, where the record contains neither a transcript nor a Tenn. R. App. P. 24(c) statement of the evidence, the appellate court cannot perform a Rule 13(d) review of the evidence. The appellant has the primary responsibility to prepare a factual record containing a full, accurate and complete account of the evidence presented at trial. Tenn. R. App. P. 24 (b), *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989). Where the appellant fails to provide an adequate factual record on appeal, we must presume that the record, had it been

preserved, would have contained sufficient evidence to support the trial court's factual findings. *Sherrod v. Wix*, 849 S.W. 2d 780, 783 (Tenn. Ct. App. 1992).

However, this is a parental termination case and these procedures and presumptions do not apply. In *In re Adoption of J.D.W.*, No. 2000-00151-COA-R3-CV, 2000 WL 11556628 (Tenn. Ct. App. Aug. 16, 2000), this Court stated at * 4 that "in cases involving the termination of parental rights, a record of the proceedings of sufficient completeness to permit proper appellate consideration of the parent's claims *must* be made in order to preserve that parent's right to an effective appeal." (emphasis added). Subsequent recent opinions of this Court are in agreement. *See L.D.N., et al. v. R.B.W., et al.,* No. E2005-02057-COA-R3-PT, 2006 WL 369275 (Tenn. Ct. App. Feb. 17, 2006); *In the Matter of A.L.N and B.T.N.,* No. M2004-02830-COA-R3-PT, 2005 WL 2043632 (Tenn. Ct. App. Aug. 24, 2005); *Tennessee Dept. of Children's Services v. Hoffmeyer*, No. M2002-00076-COA-R3-JV, 2003 WL 1092779 (Tenn. Ct. App. Mar. 13, 2003); and *In re J.M.C.H.,* No. M2002-01097-COA-R3-JV, 2002 WL 31662347 (Tenn. Ct. App. Nov. 26, 2002).

We are cognizant that *Davis v. Jensen*, No. M2001-00973-COA-R3-CV, 2002 WL 31528525 (Tenn. Ct. App. Nov. 15, 2002) conflicts with our decisions in the cases cited above. In that case, the trial court's decision to terminate the biological father's parental rights was affirmed on appeal, despite the absence of a transcript of trial court proceedings or a statement of the evidence, upon the *presumption* "that the evidence heard by the trial court was sufficient to establish, by clear and convincing evidence, that Defendant had abandoned the child by willful failure to support the child or visit with the child as was held by the trial court." We disagree that we can accord proper review in a parental termination case such as the one before us based upon mere presumption. Our conclusion in this regard is strongly compelled by the fact that the rights of the child, as well as the rights of the parent, are at issue in a termination of parental rights case. If the record we are provided is inadequate, we cannot comply with our duty to insure that all decisions are made based upon the child's best interest.

## IV. CONCLUSION

We have carefully reviewed the available record, including the trial court's memorandum opinions which clearly set forth its findings and conclusions in this matter. Our primary concern is the welfare of the child, and it is to the child's benefit that this matter be concluded with reasonable expediency to promote stability in the child's life. However, because of the unfortunate omissions of K.D.'s counsel, we are compelled to vacate the order terminating K.D.'s parental rights and remand this case for new trial. We realize that this gives the parent whose parental rights are at issue "two bites out of the apple." However, termination cases are of such importance that the decisions made in these cases must be correct and effective appellate review is essential. Upon retrial of this case as to K.D.'s parental rights, the trial court and K.D.'s counsel must ensure that an adequate and proper record is created. Costs of appeal are adjudged against each party equally.

_____
SHARON G. LEE,  JUDGE