IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 6, 2008 Session

## MARY ANN HARLEY v. GEARY FALK

**Appeal from the Circuit Court for Davidson County**
**No. 07D-969     Muriel Robinson, Judge**

---

**No. M2007-01095-COA-R3-CV - Filed May 29, 2008**

---

A former husband appeals issuance of a restraining order in a proceeding on a petition for a protective order arguing that the trial court awarded unrequested relief. The appellant failed to provide a record of the hearing before the trial court. Absent a record, since we must assume the record would support the trial court, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

J. Todd Faulkner, Nashville, Tennessee, for the appellant, Geary Falk.

Dominic J. Leonardo, Nashville, Tennessee, for the appellee, Mary Ann Harley.

### MEMORANDUM OPINION[1]

In April of 2007, Ms. Harley filed a Petition for an Order of Protection under Tenn. Code Ann. § 36-3-601 *et seq*. against her former husband, Geary Falk. After a hearing on the petition during which both parties testified, the trial court refused to issue an order of protection since both parties continued to see each other of their own free will. The trial court, however, entered a restraining order against both parties whereby they were ordered not to contact one another and to

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

remain separated by at least 50 yards. The record contains no transcript of the hearing and no statement of the evidence pursuant to Tenn. R. App. P. 24(c).

Mr. Falk appeals claiming that since there was no prayer for relief for a restraining order in Ms. Harley's petition, then under Rule 54.03[2] of the Tennessee Rules of Civil Procedure the trial court could not grant a restraining order. While the petition may not have requested a restraining order, we are not convinced that the petition was required to do so. We need not reach this issue, however, since the absence of a record requires that we affirm the trial court. Without a record of the hearing, we do not know whether the petition was amended, whether the parties agreed to injunctive relief, whether the propriety of such relief was litigated, and whether Mr. Falk had an opportunity to assert defenses to such relief. Likewise, we do not know whether Mr. Falk's objections to a restraining order were raised below or whether Mr. Falk waived any objections.

In most situations, the inadequacy of an appellate record will be attributed to the appellant, whose responsibility it is to prepare a record that is adequate for a meaningful appellate review. Tenn. R. App. P. 24(b); *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983); *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989). Where factual issues are raised, without an appellate record containing the facts, this court cannot perform a *de novo* review or determine the preponderance of the evidence. *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992).

In such cases we assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings. *McDonald*, 772 S.W.2d at 914; *Irvin v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1988); *Gotten v. Gotten*, 748 S.W.2d 430, 432 (Tenn. Ct. App. 1987). This rule likewise applies even where the statement of the evidence is incomplete. *Fossett v. Gray*, 173 S.W.3d 742, 751 (Tenn. Ct. App. 2004); *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992).

Since the record of the hearing below is absent, we must assume that the record supports the relief granted by the trial court. Consequently, the trial court is affirmed. Costs of this appeal are taxed against Mr. Geary Falk for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, P.J., M.S.

---

[2]Rule 54.03 of the Tennessee Rules of Civil Procedure provides in pertinent part as follows:

Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings; but the court shall not give the successful party relief, though such party may be entitled to it, where the propriety of such relief was not litigated and the opposing party had no opportunity to assert defenses to such relief.