IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 1, 2022

## SHELIA ADAMS v. HENRY HUGHES

**Appeal from the Circuit Court for Shelby County**
**No. CT-10028-19        Jerry Stokes, Judge**

_____

### No. W2020-00450-COA-R3-CV

_____

This appeal arises from an action to recover personal property. The plaintiff, who is the former fiancé of the defendant, claimed the defendant retained some of her personal property after he forced her to vacate the premises where they previously resided. This action was initiated with the filing of a civil warrant in the general sessions court. After the general sessions court awarded the plaintiff a judgment in the amount of $7,500, the defendant appealed to the circuit court. Following a trial, the circuit court awarded the plaintiff a judgment of $4,745.30. This appeal followed. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the court, in which CARMA DENNIS MCGEE and KRISTI M. DAVIS, JJ., joined.

Henry Hughes, Memphis, Tennessee, for the appellant, pro se.

Shelia Adams, Memphis, Tennessee, for the appellee, pro se.[1]

### MEMORANDUM OPINION[2]

Shelia Adams ("Plaintiff") and Henry Hughes ("Defendant") lived together until November of 2018, when their engagement terminated. Following some discord, Mr.

_____

[1] The appellee, Shelia Adams, did not file a brief or make an appearance in this appeal.

[2] Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion

Hughes called the police to escort Ms. Adams off of his property. During her eviction, Ms. Adams removed some but not all of her personal property, leaving behind, *inter alia*, designer handbags and jewelry.

In the unpleasantness that ensued, Mr. Hughes filed a police report in which he alleged that Ms. Adams used his debit card without his permission. According to the report, Ms. Adams spent approximately $1,900. The charges were later dropped by the prosecutor.

Meanwhile, Ms. Adams filed a Civil Warrant to Recover Personal Property in the general sessions court and requested a judgment in the amount of $11,000. The civil warrant identified a variety of Ms. Adams' personal property, including several "designer purses." To support her claim, Ms. Adams submitted photos of the property that she claimed Mr. Hughes retained. For his part, Mr. Hughes denied that he possessed any of Ms. Adams' property. On February 20, 2019, the general sessions court awarded Ms. Adams a monetary judgment of $7,500.

Mr. Hughes appealed the general sessions court decision to the circuit court. Although Mr. Hughes denied having any of Ms. Adams' property, Mr. Hughes subsequently delivered a "Notice of Abandoned Property" to Ms. Adams' counsel in which he acknowledged having some of her property, but insisted that she had forfeited the right to recover the property. Thereafter, on May 27, 2019, Mr. Hughes allowed Ms. Adams' counsel to go to his home and retrieve some of Ms. Adams' property. Subsequently, Ms. Adams submitted an affidavit stating that she had still not recovered all of the property requested in the Civil Warrant.

The case subsequently went to trial. The Statement of the Evidence, as certified by the trial court, reveals that the court heard testimony from Ms. Adams; her daughter, Darrielle Adams; Ms. Adams' friend, Terrence Moorehead; and Mr. Hughes. In her testimony, Ms. Adams identified the property that she left in Mr. Hughes' home following her police supervised eviction, and she introduced photographic evidence depicting some of the property she identified. Her testimony was supported, in part, by that of her daughter as well as Mr. Moorehead, both of whom recalled seeing some of the property in Mr. Hughes' home when Ms. Adams was living there. For his part, Mr. Hughes testified that "he asked her to leave and he denied having her property. He also demanded proof that the handbags that she alleges that remains in his home are 'name brand.' However, he did not necessarily deny having them."[3]

---

would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[3] The quote is from the Statement of the Evidence.

Following the hearing, the circuit court entered a judgment against Mr. Hughes, ordering him to either return possession of the personal property detailed within the Final Order or to pay Ms. Adams $4,745.30. This appeal followed.

## ISSUES

Although Mr. Hughes' statement of the issues is incomprehensible,[4] from reviewing his pro se brief we believe his issues can be summarized as follows:[5] (1) whether the trial court erred by not requiring further authentication as to Ms. Adams' ownership of the designer handbags; and (2) whether the trial court erred by not considering the police report he filed against Ms. Adams?

## STANDARD OF REVIEW

The standard of review of a trial court's findings of fact is de novo, and we presume that the findings are correct unless the preponderance of the evidence is otherwise. Tenn.

---

[4] Appellant's statement of the issues reads exactly as follows:

Does a Plaintiff have a right of prevailing a case theft to
another party when no evidence has been presented support the case nor theft of any property
The right to Protect Hughes' Fourteenth Amendment Right of false claims?

[5] Subject to few exceptions, issues must be presented in the manner prescribed by Rule 27 to be properly raised on appeal. *Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012). Rule 27 requires the argument section of a brief to contain citations to the record or caselaw and more than conclusory statements to further the parties' argument. Tenn. R. App. P. 27. "[T]he failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by [Tenn. R. App. P.] 27(a)(7) constitutes a waiver of the issue." *Bean v. Bean*, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2000) (citations omitted). Although Mr. Hughes' statement of the issues required by Tennessee Rule of Appellate Procedure 27(b) only raises two issues, the body of his appellate brief mentions four separate issues. The two issues included in his statement of the issues are each supported with a singular, conclusory statement, absent any citation to the record or caselaw. Because of the skeletal argument coupled with the lack of citation to authority or to the record, these two issues fail to comply with Tennessee Rule of Appellate Procedure 27 and are waived on appeal. As for the remaining two issues, which were mentioned in the body of the brief but not included in the statement of the issues, we note that "an issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Tenn. R. App. P. 27(a)(4)." *Hodge*, 382 S.W.3d at 335. Yet, this Court may, in its discretion under Tennessee Rule of Appellate Procedure 2, waive the briefing requirements and adjudicate the issues on their merits. *Owen v. Long Tire, LLC*, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011). This occurs on occasion when, for example, a party appeals *pro se* or when resolution of the case impacts innocent, third parties. *Id*. Acknowledging that the two issues raised in the argument section of his brief were not included in his statement of the issues, we have decided to exercise our discretion and waive the briefing requirements.

R. App. P. 13(d); *see Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect. *See Walker v. Sidney Gilreath & Assocs.*, 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000); *Realty Shop, Inc. v. R.R. Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999). A trial court's conclusions of law are reviewed de novo with no presumption of correctness. *Estate of Walton v. Young*, 950 S.W.2d 956, 959 (Tenn. 1997).

"A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard." *Collins v. Arnold*, No. M2004-02513-COA-R3-CV, 2007 WL 4146025, at *22 (Tenn. Ct. App. Nov. 20, 2007) (citing *Biscan v. Brown*, 160 S.W.3d 462, 468 (Tenn. 2005)). A trial court abuses its discretion "only when it applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining." *Id.* (quoting *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)). "[I]n order to raise an issue on appeal regarding the admissibility of evidence, the party raising the issue must have made a contemporaneous objection." *McGarity v. Jerrolds*, 429 S.W.3d 562, 567 (Tenn. Ct. App. 2013); *see* Tenn. R. App. P. 36(a).

**ANALYSIS**

### I.    Admissibility of Police Report

We begin our analysis by discussing Mr. Hughes' contention that the trial court erred by not considering the police report filed against Ms. Adams for the alleged unauthorized use of Mr. Hughes' debit card. Mr. Hughes insists that the charges should have impacted the court's credibility findings as to Ms. Adams.[6] In his appellate brief, Mr. Hughes specifically complained:

> Since this case involves the same party related in a criminal case against Hughes, the court failed to review the criminal complaint in to support malice caused by Adams in an attempt to extort monies from Hughes by unauthorizing the use of her credit card and second by filing a civil suit for lost designer purses than to file a police report. Adams was aware filing a false report would constitue [sic] incarceration and fines.

Importantly, police reports are hearsay and are not admissible as evidence. *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989); *see* Tenn. R. Evid. 803(8). "The primary problem with the admissibility of police reports is that the report is hearsay

---

[6] Mr. Hughes does not cite to any of the Rules of Evidence in making his arguments for the admissibility of the police report.

made up of opinion or conclusion not based on personal knowledge." *Id*. (citing Paine, *Tennessee Law of Evidence* § 108 (1974)). Specifically, this Court has explained:

> Police reports based upon statements of witnesses are hearsay and are not admissible in evidence. The reasoning behind this rule is that if the officer is present he can testify as to his firsthand knowledge. He cannot testify as to what was told to him and such matters could not be admitted with the report in any event. If the report is admitted, it may not contain material to which the author, had he been present, would be incompetent to testify.

*McDonald*, 772 S.W.2d at 914. Thus, we find no error with the circuit court's discretionary decision to disregard the police report.[7]

## II.      Ownership and Authenticity of the Handbags

Mr. Hughes argues that the trial court erred by granting judgment in favor of Ms. Adams when Ms. Adams presented nothing other than photographs to establish both her ownership and the authenticity of the designer handbags at issue.

Tennessee Code Annotated Section 29-30-103 sets forth the requirements for commencing an action to recover personal property. It explains that the action can be commenced with a complaint in the circuit or chancery court or with a warrant in the general sessions court. To state a claim, the following facts must be sworn to:

> (1) That the plaintiff is entitled to possession of the described property and the reason plaintiff is so entitled;
> (2) A description which reasonably identifies the property sought; and
> (3) The value of the property.

Tenn. Code Ann. § 29-30-103(c).

The civil warrant filed by Ms. Adams included her sworn statement that she was entitled to the property, a description of the property, and assessed a value of $11,000. The

---

[7] Under Tennessee Rule of Evidence 609 evidence that the witness has been convicted of a crime is admissible to impeach the witness. *See* Tenn. R. Evid. 609. However, Rule 609 only applies to convictions; as the police report contained only an allegation, it was not admissible under Rule 609. Alternatively, Tennessee Rule of Evidence 608 sets forth the requirements for admission of character evidence of a witness's character for truthfulness. With some exceptions not applicable here, a witness's character for truthfulness cannot be either attacked or supported by extrinsic evidence of specific instances of conduct. Tenn. R. Evid. 608(b). The police report was not admissible under Rule 608(b) because it was evidence of a specific instance rather than general opinion or reputation evidence of Ms. Adams' character for truthfulness.

designer purses were described within the warrant as "name brand purses." To further identify the property, Ms. Adams submitted photographs of the property that she claimed still remained in Mr. Hughes' possession as exhibits during the hearing. The certified Statement of the Evidence summarizes Ms. Adams' testimony that Mr. Hughes would not permit her to retrieve her belongings from his residence. Ms. Adams explained that shortly before the trial "Mr. Hughes gave her a bag of her 'belongings' including letters, cards, etc. that she knows were emptied out of the handbags that she left at his home." Ms. Adams' daughter and Mr. Terrence Moorehead also testified as to the property that Ms. Adams left at Mr. Hughes' property when she vacated his property. Meanwhile, according the Statement of Evidence, Mr. Hughes "demanded proof that the handbags she alleges that remains in his home are 'name brand'" but "did not necessarily deny having them."

As required to recover personal property, Ms. Adams claimed that she was entitled to possession, described the property, and asserted a value of $11,000. The trial court agreed that Ms. Adams was entitled to possession of the described property, but disagreed with Ms. Adams' valuation. Instead, the trial court awarded Ms. Adams possession of the property and ordered an award of $4,745.30 if the personal property identified was not returned to Ms. Adams "within a reasonable time period."

It is apparent from the court's ruling that it found the testimony of Ms. Adams, her daughter, and Mr. Moorehead—which was supported by photographic evidence—more credible than Mr. Hughes' testimony. "Because the trial judge is in a better position to weigh and evaluate the credibility of the witnesses who testify orally, we give great weight to the trial judge's findings on issues involving credibility of witnesses." *In re Estate of Walton v. Young*, 950 S.W.2d 956, 959 (Tenn. 1997) (quoting *Randolph v. Randolph*, 937 S.W.2d 815, 819 (Tenn. 1996) (citations omitted)). "[F]indings that are related to the issue of credibility will not be disturbed by this court, absent other concrete evidence to the contrary which shows that the trial judge erred in his judgment of the veracity of the witnesses." *Farmers & Merchants Bank v. Dyersburg Prod. Credit Ass'n*, 728 S.W.2d 10, 18 (Tenn. Ct. App. 1986). Giving appropriate weight to the trial court's implicit finding of credibility in Ms. Adams' favor, we cannot find that the decision to award possession of the designer handbags to Ms. Adams was against the preponderance of the evidence.

### IN CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court. Costs of appeal are assessed to Henry Hughes.

_____
FRANK G. CLEMENT JR., P.J., M.S.