IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 19, 2005

## MARY LEE DOTSON v. WILLIAM ENNIS DOTSON

**Appeal from the Chancery Court for Maury County**
**No. 02-242     Jim T. Hamilton, Judge**

---

**No. M2004-01141-COA-R3-CV - Filed February 21, 2006**

---

The husband appeals from a final decree of divorce challenging the award of divorce to the wife, the distribution of property, and the award of some property as alimony *in solido* to the wife. Because the husband raises factual issues and there is no transcript or statement of the evidence in the record, we must presume the record would have supported the factual findings of the trial court and accordingly affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

William Ennis Dotson, Loretto, Tennessee, Pro Se.

Kim B. Tycer, Pulaski, Tennessee, for the appellee, Mary Lee Dotson.

### MEMORANDUM OPINION[1]

Mr. Dotson ("Husband") appeals the trial court's final judgment in this divorce case brought by Ms. Dotson ("Wife") and asks this court to: (1) reverse the court's award of the divorce on grounds to Wife and, instead, award an irreconcilable differences divorce; (2) modify the trial court's property division and divide all marital property equally between the parties; and (3) reverse the trial

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

court's award of alimony *in solido* to Wife and return the property so awarded to the marital estate for equal division.

After trial of this matter, the trial court issued a final decree that contained detailed findings of fact regarding the parties' contributions during this thirty-year marriage. Those specific findings were summarized by the court, in its comment on its consideration of the statutory factors relevant to the property division, as follows:

> This is a long term marriage during which Ms. Dotson worked and continually contributed to the acquisition, preservation and appreciation of marital assets, she was the primary caregiver for the parties' minor child, and she has been sole provider for the family since Mr. Dotson's imprisonment in 1992. In contrast, Mr. Dotson worked intermittently the first eighteen years of the marriage, significantly dissipated marital assets through his criminal activities, and has failed and refused to provide any support for the family since his imprisonment in 1992.

The trial court classified the property, valued it, and divided it in accordance with the factors set out in Tennessee Code Annotated § 36-4-121(c), specifically finding its division to be an equitable one in light of all the factors. In addition, the trial court found that Wife had met her burden of proving the existence of grounds for divorce and cited six different statutory grounds. The court found that Husband had not proved that he was entitled to a divorce. Finally, the court found that Wife's health, lack of medical insurance, and financial situation rendered her in need of spousal support. Because of Wife's need and Husband's ability but refusal to work since his release from prison, the court awarded Wife as alimony *in solido* specific property.

The trial court's thorough order reflects decisions based on applicable legal principles and the facts as found by the court. When a trial court decides a case without a jury, its findings of fact are presumed to be correct unless the evidence in the record preponderates against them. Tenn. R. App. P. 13(d). Absent a finding by this court, after review of the record, that the evidence preponderates against the trial court's findings, we must affirm the trial court's judgment where only factual issues are raised. Husband's brief in this case raises only issues of fact.

The record before us contains neither a transcript of the hearing nor a Tenn. R. App. P. 24(c) statement of the evidence. In such a situation, this court cannot perform a Rule 13(d) review of the evidence. Where factual issues are raised, without an appellate record containing the evidence, this court cannot perform a *de novo* review or determine the preponderance of the evidence. *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992).

Husband, as appellant, had the primary responsibility to prepare a factual record containing a full, accurate, and complete account of what transpired at trial with regard to the issues he planned to raise on appeal so as to allow meaningful appellate review. Tenn. R. App. P. 24(b); *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983); *Davis v. The Tennessean*, 83 S.W.3d 125, 127 n.2 (Tenn. Ct. App. 2001); *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989). Where, as here,

an appellant fails to provide an adequate factual record on appeal, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings. *Sherrod*, 849 S.W.2d at 783; *McDonald*, 772 S.W.2d at 914; *Gotten v. Gotten*, 748 S.W.2d 430, 432 (Tenn. Ct. App. 1988); *Irvin v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1987).  Neither allegations contained in pleadings nor recitations of the facts in briefs are evidence. *State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988).

The issues raised by Husband involve the weight, sufficiency and preponderance of the evidence underlying the trial court's findings.  We must conclusively presume that there was sufficient evidence to support the trial court's findings. *Coakley v. Daniel*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992).

Accordingly, we must affirm the judgment of the trial court.  Costs of this appeal are taxed against appellant, William Ennis Dotson.

_____
PATRICIA J. COTTRELL, JUDGE