**Dennis Kevin SHELBY,
Plaintiff-Appellee,**

v.

**Jannie SHELBY, Defendant-Appellant.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

June 11, 1985.

Application for Permission to Appeal
Denied by Supreme Court
Aug. 26, 1985.

W. Lee Lackey, Savannah, for plaintiff-appellee.

J. Gilbert Parrish, Jr., Savannah for defendant-appellant.

NEARN, Presiding Judge, W.S.

This is an appeal by the wife from a divorce decree. The husband was awarded the divorce and custody of the minor child with liberal visitation privileges to the mother. The only issue on appeal is the award of custody made by the Trial Judge.

Counsel for the mother presents issues as follows:

1. Whether the trial judge's decision that Kevin Shelby was the natural father of the child was contrary to the preponderance of the evidence.

2. Whether the trial judge erred in awarding custody of the child to the appellee Kevin Shelby because:

A. He was not the father of the child and the court failed to find that the appellant Jannie Shelby was unfit or conditions existed which would jeopardize the welfare of the child in either a physical or moral sense.

B. The court failed to apply the principle of the tender years presumption which should have allowed the pendulum to swing in favor of the appellant Jannie Shelby when the trial court found both parents equally fit.

The Trial Judge's award of custody arrives in this Court accompanied by a presumption of correctness and will not be reversed unless the evidence preponderates to the contrary. Rule 13(d) T.R.A.P. and *Hass v. Knighton,* (1984 Tenn.) 676 S.W.2d 554.

The facts necessary for an understanding of our disposition of the case are that the wife admitted adultery and at time of trial was living with her co-partner in adultery. The adulterous relationship commenced unbeknown to the husband about seven months prior to the separation of the parties.

During part of this time it is undenied that she was having intercourse with her husband as well as the paramour. The child was conceived during this period. The husband is not sterile although for a considerable period of time prior to conception he and his wife had been trying to attain conception without success. The mother sought to show that her husband was not the father of the child and therefore not entitled to custody. At the time of trial the child was about seven months of age.

The husband insisted the child was his. At the time the divorce was filed, the wife entered a written agreement giving custody of the child to the husband; she later revoked the agreement. In her answer she admitted that the husband was the father, but later amended the answer to deny that he was the father. This change of position seems to have been caused by learning the results of the husband's blood test which evidently was taken by consent of the parties.

■ After hearing all the proof on the issue of paternity, the Court entered the order appealed from which found the child to be a child of the parties. We admit that in his oral statements made at the conclusion of all the proof the Trial Judge expressed the opinion that the husband might not be the father but he made no definitive finding that the husband was not the father of the child. However, even if he had orally found the husband not to be the

father, it would make no differences as in his written order he found the child to be of the parties. We do not review the Court's oral statements, unless incorporated in a decree, but review the Court's order and judgments for that is how a Court speaks. *See Massachusetts Mut. Life Ins. Co. v. Taylor Implement & Vehicle Co.,* (1917 Tenn.) 138 Tenn. 28, 195 S.W. 762, and *Sparkle Laundry & Cleaners, Inc. v. Kelton* (1979 Tenn.App.M.S.) 595 S.W.2d 88, 93.

■ The mother was ambivalent in her testimony as to her plans if she were awarded custody of the child, that is, she could not or would not state whether she was going to continue to live in the community with her paramour or return home to her parents in Texas, although it seemed that the latter plan was most likely. Her parents testified in her behalf. Her paramour with whom she and the child might be living did not testify. The character and willingness of another person with whom the child might be living is a valid consideration for the Court making a custody award. *See Riddick v. Riddick,* (1973 Tenn.App.W.S.) 497 S.W.2d 740, 742.

The husband's proof showed that he had been caring for the child and had been doing so in an exemplary manner.

■ We cannot say that the evidence preponderates against either the finding that the husband is the father of the child or that the interests of the child are presently best served by custody being placed in the father.

■ As to the tender years doctrine, it is not controlling but is simply an element to be considered by the Court in determining custody. *Bah v. Bah,* (1983 Tenn.App. M.S.) 668 S.W.2d 663, 666.

■ There is one thing remaining. Counsel for appellee has attempted to raise an issue for our consideration on appeal. The appellee-husband's blood test results were admitted over his counsel's objections and he asks the Court to rule on the propriety of the Trial Judge's action in that re-

gard. We decline to do so. Rule 6(a)(3) of this Court requires that the complaining party set forth the manner in which he was prejudiced by the adverse ruling of the Court. In this case, counsel for appellee did not do so and cannot do so, for the evidence, rightfully or wrongfully admitted for consideration by the Court, was not relied upon by the Court as the Court found in favor of appellee in spite of the admission of the objected to evidence. We do not give advisory opinions. *See Knott v. Stewart County*, (1948 Tenn.) 185 Tenn. 625, 626, 207 S.W.2d 337, 339–39, and *State ex rel. Lewis v. State*, (1961 Tenn.) 208 Tenn. 534, 347 S.W.2d 47, 48.

The issues having been found against the appellant, the judgment below is affirmed with costs of appeal adjudged against the appellant.

Done at Jackson in the two hundred and ninth year of our Independence and in the one hundred and ninetieth year of our Statehood.

TOMLIN and HIGHERS, JJ., concur.