# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs June 23, 2011

## ASHRAF M. SAWERES v. ROYAL NET AUTO SALE, INC., ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 08C-2265     Hamilton V. Gayden, Jr., Judge**

---

**No. M2010-01807-COA-R3-CV - Filed August 1, 2011**

---

This appeal arises out of an action in which the plaintiff asserted a claim that the agent of a used car business in which the plaintiff allegedly invested committed misrepresentation, fraud, and conversion, and violated the Tennessee Consumer Protection Act in failing to give him stock in the business or compensate him for work performed at the business. Plaintiff also asserted a claim based on defendants' alleged failure to repair his vehicle. The trial court held that plaintiff had not established the necessary elements for any of his claims and dismissed the case; plaintiff appeals. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and ANDY D. BENNETT, J., joined.

Dan R. Alexander, Nashville, Tennessee, for the appellant, Ashraf M. Saweres a/k/a Ashraf M. Ghobrial.

Marc A. Walwyn, Madison, Tennessee, for the appellee, Royal Net Auto Sale, Inc., and Welid Kamake.

**OPINION**

## I. Background

Welid Kamake[1] is the owner of Royal Net Auto Sale, Inc. ("Royal"), a Tennessee corporation and used car business. On July 11, 2008, Ashraf M. Saweres ("plaintiff") filed suit against Mr. Kamake and Royal ("defendants"), alleging that plaintiff had paid $27,500 "as an investment into Royal," but that plaintiff never received any stock in Royal, was not compensated for four to five months of full-time work, and did not receive an accounting or profits from defendants; when plaintiff requested a return of his "investment," defendants allegedly refused and instead gave plaintiff title to a tow truck owned by defendants. The plaintiff further alleged that he brought a 2001 Honda Accord to defendants for repair, but that they failed to repair the vehicle, took parts from the vehicle for use on other cars, and refused to return the vehicle to plaintiff. Plaintiff asserted claims that defendants misrepresented that he would become a "part owner of Royal," that their actions constituted fraud, that they violated the Tennessee Consumer Protection Act, and that they converted the $27,500 "investment." Plaintiff sought compensatory, consequential, treble, and punitive damages, as well as attorney fees and costs. In their answer, defendants admitted that Mr. Kamake was the "principal agent" of Royal, that Royal was incorporated in Tennessee as a used car business, and that plaintiff never received any stock in Royal; all other allegations were denied. Trial was held on January 25, 2010 and April 22, 2010.

The court subsequently entered an order holding that no partnership existed between the parties with regard to the purchase or sale of automobiles or with regard to the ownership or operation of the tow truck and that the defendants did not breach any duty to plaintiff with regard to the storage or repair of plaintiff's Honda. The court dismissed the case. Plaintiff filed a motion to alter or amend the judgment, asserting that the court's finding that there was no partnership was "*coram non judice* and not valid" because it was outside the pleadings. The motion also asserted that plaintiff did not seek dissolution of a partnership or to assert rights under a partnership. Defendants duly responded to the motion.

On July 20, 2010, the court entered an Amended Order of Final Judgment in which the court found with regard to the purchase and sale of automobiles and the ownership and operation of the tow truck: that there was not a decision of the parties to carry on as co-owners, citing Tenn. Code Ann. § 61-1-202(a); that no partnership existed through

---

[1] The record reveals a discrepancy as to the correct spelling of Mr. Kamake's name. He is denominated in various filings by plaintiff in at least three different ways: Kamake, Kamakc, and Karmakc. In the answer, counsel for defendants spelled his name as Kamake, and the trial court adopted that spelling in its orders. Where necessary, we will refer to him as "Mr. Kamake."

application of Tenn. Code Ann. § 61-1-202(b); and that there was no partnership created by Tenn. Code Ann. § 61-1-202(c). The court reiterated its previous holding that plaintiff had no cause of action against defendants with respect to plaintiff's Honda and held that plaintiff failed to establish the elements of misrepresentation, fraud, and an unfair practice under the Tennessee Consumer Protection Act.

Plaintiff appeals and articulates the following issues:

1. Whether the trial court erred in finding that the action was barred by the statute of frauds.
2. To the extent the trial court found that the complaint sounded in contract and was barred by the statute of frauds, the decree was outside the scope of the pleadings and *coram non judice*.

## II. Discussion

### A. The Statute of Frauds

Plaintiff asserts that the court based its dismissal of the action on the statute of frauds, citing the court's discussion in its ruling from the bench at the conclusion of the trial. In its oral ruling, the court stated that the "majority of allegations in this case relate to alleged purchases of a partnership interest, 50/50, of a car dealership"; the court stated that because "[t]here's nothing in this case that's in writing, it's in violation of the Statute of Frauds . . . ." The court then stated "that takes care of, in the opinion of the Court, all of the allegations related to the $5000 check, the $4700 check[2] and dealings with the tow truck, the missing tow truck." Plaintiff asserts that the statute of frauds "in order to be relied upon must be specifically pleaded as a defense," which defendants did not do. Plaintiff also asserts that the section of the statute of frauds referenced by the trial court—Tenn. Code Ann. § 29-2-101(5)—applies only to agreements or contracts that cannot be performed within one year of the making of the agreement; plaintiff contends that "[t]here is nothing in this record that suggest [sic], even remotely, that whatever agreement or transaction took place between the parties would take a year or more."

The courts of this state have consistently affirmed the principle that "a court speaks through its order, not through the transcript." *In re Adoption of E.N.R.*, 42 S.W.3d 26, 31 (Tenn. 2001)*; see also Massachusetts Mut. Life Ins. Co. v. Taylor Implement & Vehicle Co.*, 195 S.W. 762, 765 (1917) ("The action of a court is not complete nor effective for any

---

[2] Although Plaintiff testified at trial that he had paid a total of $27,500 to defendants, he only produced copies of two checks in the amounts of $5,000 and $4,700.

purpose until a record thereof has been spread upon the minutes of the court, and the minutes duly signed or authenticated."); *Ladd v. Honda Motor Co.*, 939 S.W.2d 83, 104 (Tenn. Ct. App. 1996) ("A court speaks only through its written orders."); *Sparkle Laundry & Cleaners, Inc. v. Kelton*, 595 S.W.2d 88, 93 (Tenn. Ct. App. 1979) ("[N]o oral pronouncement is of any effect unless and until made a part of a written judgment duly entered."); *Palmer v. Palmer*, 562 S.W.2d 833, 837 (Tenn. Ct. App. 1977) ("No principle is better known than that which states that a Court speaks through its orders and decrees entered upon the minutes of the Court."). In *Cunningham v. Cunningham*, No. W2006-02685-COA-R3-CV, 2008 WL 2521425 (Tenn. Ct. App. June 25, 2008), this Court explained:

> A judgment must be reduced to writing in order to be valid. It is inchoate, and has no force whatever, until it has been reduced to writing and entered on the minutes of the court, and is completely within the power of the judge or Chancellor. A judge may modify, reverse, or make any other change in his judgment that he may deem proper, until it is entered on the minutes, and he may then change, modify, vacate or amend it during that term, unless the term continues longer than thirty days after the entry of the judgment, and then until the end of the thirty days.

*Cunningham*, 2008 WL 2521425, at *5 (citing *Broadway Motor Co ., Inc. v. Fire Ins. Co.*, 12 Tenn. App. 278, 280 (1930)). Consequently, "[w]e do not review the court's oral statements, unless incorporated in a decree, but review the court's order and judgments for that is how a court speaks." *Shelby v. Shelby*, 696 S.W.2d 360, 361 (Tenn. Ct. App. 1985).

The final order does not mention the statute of frauds and contains no language from which to infer that the court relied upon the statute of frauds in dismissing the case. The dismissal was based on the following determinations: that there was no evidence—written, oral, or otherwise—that the parties formed or intended to form a partnership; that defendants breached no duty with regard to plaintiff's Honda; and that plaintiff failed to establish the elements of a claim for fraud, misrepresentation, or an unfair practice under the Tennessee Consumer Protection Act. Plaintiff's assertion that the trial court relied on the statute of frauds is erroneous.

### B. The scope of the pleadings

Plaintiff asserts that "the trial court's orders address findings in contract and the court found that the agreement of the parties was barred by the statute of frauds" and that, because

"[t]he complaint does not allege or sound in contract," the order "was outside the scope of the pleadings and therefore *coram non judice*[3] and not valid."

Courts can only act upon such matters as are properly brought before them by the parties. *Randolph v. Merchant's Nat'l. Bank of Memphis*, 77 Tenn. 63, 68 (1882). The court can not rightfully notice a matter, however clearly proved, of which there is no allegation or issue in the pleadings. *Id.* A judgment that departs from the pleadings will be void because "it would be altogether arbitrary and unjust and conclude a point upon which the parties had not been heard." *Fid.-Phenix Fire Ins. Co. of New York v. Jackson*, 181 S.W.2d 625, 629 (1944).

It is clear from the complaint that plaintiff believed he was investing in some form of business with Mr. Kamake; this investment served as a basis of his claims of misrepresentation and fraud. The complaint does not specify what type of business entity plaintiff was allegedly investing in, in what capacity he was making an investment, or what the investment entitled him to receive. In his pre-trial brief[4] plaintiff asserted that "Mr. Kamak[e] stated his need for a financing source for his business and suggested to Mr. Saweres that if Mr. Saweres would provide money for the business to expand, they would become partners in the business and share the profits equally." The brief also stated that plaintiff "believ[ed] he was a partner in the business throughout the 4–5 month period . . . ."

We have determined that the dismissal was not based on the statute of frauds; consequently, the order did not exceed the scope of the pleadings in that regard. Plaintiff does not explain the manner in which he alleges that court applied contract law in its disposition of the case. The allegations of the complaint brought the course of dealing and understandings between the parties before the court for resolution. Plaintiff alleged that he invested a substantial sum of money with defendant and received nothing in return and that he left a car with defendants which they failed to repair. The court determined, on the basis of the evidence, that no partnership was established pursuant to Tenn. Code Ann. § 61-1-202, that there was insufficient proof of misrepresentation or fraud, and that there was no violation of the Tennessee Consumer Protection Act. The matters addressed by the court were clearly put in issue by the pleadings. We have reviewed the evidence, and the court's conclusions in that regard are supported by the evidence.

---

[3] Black's Law Dictionary defines *coram non judice* as "1. Outside the presence of a judge. 2. Before a judge or court that is not the proper one or that cannot take legal cognizance of the matter." BLACK'S LAW DICTIONARY (9th ed. 2009).

[4] The brief was made a part of the record as an attachment to defendant's response to the motion to alter or amend. The brief was originally filed with the court on January 21, 2010, four days before the trial began.

## III. Conclusion

For the foregoing reasons, the judgement of the Circuit Court for Davidson County is AFFIRMED.

_____
RICHARD H. DINKINS, JUDGE