IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 1, 2016 Session

**MAHALET B. GIRMA v. HAILE A. BERHE**

**Appeal from the Circuit Court for Rutherford County**
**No. 67187      J. Mark Rogers, Judge**

_____

**No. M2015-00586-COA-R3-CV – Filed March 30, 2016**
_____

This is a divorce case. Wife appeals the trial court's order concerning the division of property and award of various fees and expenses. Because the trial court did not enter an order on Wife's motion for reimbursement of certain fees and expenses, the judgment of the trial court is not final and appealable as of right. Accordingly, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

KENNY ARMSTRONG, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

John D. Drake, Murfreesboro, Tennessee, for the appellant, Mahalet B. Girma.

Thomas F. Bloom, Nashville, Tennessee, for the appellee, Haile A. Berhe.

**MEMORANDUM OPINION[1]**

---

[1]  Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Appellant Mahalet B. Girma ("Wife") and Appellee Haile A. Berhe ("Husband") were married on May 30, 2009. The parties had only one face-to-face meeting prior to their marriage and had conducted their courtship through various social media outlets. At the time the parties were married, Husband worked in San Francisco, and it was the parties' intention that Wife would move there from LaVergne, Tennessee. However, after the marriage, Wife allegedly reneged on the plan to move and required Husband to find a job in Nashville, Tennessee.

On July 17, 2010, the parties' first child was born. Husband continued working in California but visited his wife and child in Tennessee every week or two. In July of 2011, after two years of searching, Husband found a job at FedEx. He was scheduled to move to Memphis so that he could begin his job on September 1, 2011. At that time, Wife was living in LaVergne with her mother. Although Wife was initially excited about moving to Memphis to live with her husband and children as a family, Wife's mother was not in favor of the move. On July 21, 2011, the disagreement culminated in a verbal altercation between Husband and Wife's mother. This resulted in Husband leaving Wife's house in LaVergne and going back to California. Afterward, Wife prohibited Husband from seeing her or their child for five months. Nonetheless, Husband started his job in Memphis on September 1, 2011; however, Wife refused to move from LaVergne. The parties' second child was born on December 26, 2011. Following the birth of this child, Husband again tried to persuade Wife to move to Memphis. Although Wife ultimately agreed to the move, over Husband's objection, she insisted on bringing her mother to live with the family. Living with his mother-in-law proved unworkable for Husband, and less than six months after moving to Memphis, Wife returned to LaVergne with her mother and the parties' children.

On October 21, 2013, Wife filed for divorce on the grounds of irreconcilable differences and inappropriate marital conduct. Based on Husband's alleged anger issues and her allegations of physical abuse, Wife also sought an ex parte restraining order to keep Husband from coming around her home. The *ex parte* temporary restraining order requested by Wife was granted by the trial court on October 21, 2013. On November 25, 2013, Husband filed an answer and counter-complaint for divorce also on the ground of irreconcilable differences. On December 2, 2013, the parties entered into an agreed order under which Husband would have supervised visitation with the children; the parties also agreed to attend mediation. On December 11, 2013, Wife answered Husband's counter-complaint; she also filed an amended answer on December 16, 2013.

On June 19, 2014, Husband filed a motion for a temporary restraining order against Wife based on the alleged fact that she was residing with her ex-husband (this marriage was dissolved in 2007). Husband allegedly discovered that Wife was residing with her ex-husband when the children were involved in a car accident involving a vehicle driven by Wife's ex-husband. Accordingly, Husband sought to restrain Wife from having her ex-

husband or other unrelated male visitors in her residence in the presence of the children. The court granted the temporary restraining order. On July 28, 2014, Wife sought to dissolve the restraining order. By agreed order, the restraining order was dissolved on August 1, 2014. On August 8, 2014, Wife filed a motion to recover funds from Husband in the amount of $16,697.83 that she allegedly incurred when she purportedly moved from the LaVergne residence to comply with the restraining order obtained by Husband. The trial court, in an oral ruling, denied Wife's motion.

Meanwhile, on July 1, 2014, the court appointed a special master, who approved both Wife's request for pendente lite support and her proposed temporary parenting plan. Specifically, Husband was ordered to pay $2,460 per month in child support and was prohibited from visiting the children. The trial court granted Husband's motion to set aside the special master's report and temporary parenting plan because his attorney had not received notice of the hearing, which the special master held in Husband's absence. Following a second hearing on September 8, 2014, the special master filed a report setting Husband's child support obligation according to the Tennessee Child Support Guidelines and establishing his right to parenting time with his children.

The final hearing on the divorce was held on November 18-19, 2014. By order of January 5, 2015, the trial court declared the parties to be divorced pursuant to Tennessee Code Annotated Section 36-4-129(b). The court denied Wife's request for alimony, noting that Wife had an earning capacity of $57,324 per year. Concerning the property division, the court found it equitable for the parties to retain their respective pension or retirement plans and bank accounts. The trial court made minor modifications to the order and the parenting plan on January 23, 2015, and on March 23, 2015 the trial court made additional modifications to the parenting plan in response to Husband's motion to alter or amend. Wife appeals.

Wife presents the following issues on appeal as stated in her brief:

1. The trial court erred by not granting the divorce to the Wife and awarding attorney's fees.
2. The trial court erred in failing to divide the parties' assets.
3. The trial court erred in not awarding the wife reimbursement of fees expended as a result of the Husband's restraining order forcing Wife from her residence.
4. The trial court erred in not allowing the Wife a credit for additional daycare expenses.
5. The trial court erred in allowing the Husband to take a credit for transportation expenses.
6. Husband asks for attorney's fees on appeal.

However, we do not reach the substantive issues due to procedural shortcomings in the appellate record.

## Analysis

Tennessee Rules of Appellate Procedure 13(b) requires this Court to determine whether we have subject matter jurisdiction to adjudicate an appeal. Subject matter jurisdiction concerns the authority of the court to hear a matter and cannot be waived. *Meighan v. U.S. Sprint Commc'ns Co.,* 924 S.W.2d 632, 639 (Tenn. 1996). Any trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right. The subject matter jurisdiction of this Court is limited to final orders, except as otherwise provided. *Bayberry Assocs. v. Jones,* 783 S.W.2d 553, 559 (Tenn. 1990).

Rule 3(a) of the Tennessee Rules of Appellate Procedure provides, in relevant part:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3 (a).

As discussed above, on August 8, 2014, Wife filed a motion to recover funds, in which she requested a judgment against Husband in the amount of $16,697.83. This motion was denied by the trial court in an oral ruling dated September 19, 2014. However, no order was ever entered on Wife's motion. Additionally, the trial court did not adjudicate this motion in its final order, which was entered on January 5, 2015.

It is well settled that "the court speaks through its order[s] not through the transcript." *In re Adoption of E.N.R.,* 42 S.W.3d 26, 31 (Tenn. 2001); *Palmer v. Palmer,* 562 S.W.2d 833, 837 (Tenn. Ct. App. 1977). "A judgment must be reduced to writing in order to be valid. It is inchoate, and has no force whatever, until it has been reduced to writing and entered on the minutes of the court, and is completely within the power of the judge or Chancellor." *Broadway Motor Co. v. Pub. Fire Ins. Co.,* 12 Tenn. App. 278, 280 (1930). "We do not review the court's oral statements, unless incorporated in a decree, but review the court's order and judgments for that is how a Court speaks." *Steppach v. Thomas*, 346

S.W.3d 488, 522 (Tenn. Ct. App. 2011)(quoting *Shelby v. Shelby,* 696 S.W.2d 360, 361 (Tenn. Ct. App. 1985)). From the record, it appears that the trial court's ruling on Wife's motion to recover funds was never reduced to an order. Indeed, in its order supplementing the technical record, the trial court acknowledges that "[t]he [c]ourt provided and 'oral ruling' and neither counsel filed an order." In the absence of an order, the transcript of the ruling is inchoate and of no effect in conferring jurisdiction on this court under Tennessee Rule of Appellate Procedure 3(a). Inasmuch as this appeal was taken from an order that was not final, we lack subject matter jurisdiction. *See* ***Bayberry****,* 783 S.W.2d at 559 ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

For the foregoing reasons, the appeal is dismissed. This case is remanded to the trial court for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, Mahalet B. Girma and her surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE