IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 12, 2020 Session

## KHALED ELEIWA ET AL. v. SUZANNE ABUTAA F/K/A IZDIHAR JABR

**Appeal from the Chancery Court for Shelby County**
**No. CH-11-0259     Walter L. Evans, Judge**
_____

### No. W2019-00954-COA-R3-CV
_____

Petitioners appeal the dismissal of a petition for civil and criminal contempt related to alleged violations of a permanent injunction against the Respondent. In response, the Respondent appeals the dismissal of two protective orders she concurrently sought against the Petitioners. As the trial court's order failed to provide sufficient findings of fact and conclusions of law for review, we vacate the trial court's ruling and remand the matter for further consideration.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which KENNY ARMSTRONG and CARMA DENNIS MCGEE, JJ., joined.

Kevin A. Snider and Sean Patrick O'Brien, Germantown, Tennessee, for the appellants, Malak Alqatamin, and Khaled Eleiwa.

P. Craig Grinstead, Memphis, Tennessee, for the appellee, Suzanne Abutaa.

### MEMORANDUM OPINION[1]

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## BACKGROUND

This matter stems from the end of an engagement between Mr. Khaled Eleiwa ("Mr. Eleiwa") and Ms. Suzanne Abutaa, f/k/a Ms. Izdihar Jabr ("Ms. Abutaa"). Following the end of their relationship, Mr. Eleiwa sought a restraining order against Ms. Abutaa through a Verified Complaint for Damages and Injunctive Relief filed in the Shelby County Chancery Court ("the trial court") on February 16, 2011. Both parties agreed to a Consent Order of Settlement and Order of Dismissal entered on March 31, 2011. The consent order included a permanent injunction, which prohibited Ms. Abutaa from any type of direct or indirect contact with Mr. Eleiwa and from filing any false police reports against Mr. Eleiwa. Shortly after the parties entered the Consent Order, on June 21, 2011, Mr. Eleiwa filed a petition for civil and criminal contempt against Ms. Abutaa. The contempt petition was dismissed after Ms. Abutaa and her family left the United States for several years.

Ms. Abutaa returned to the United States with her family at some point before 2018. In June 2018, both Ms. Abutaa and Mr. Eleiwa accused each other of inappropriate contact through a constant stream of messages and voicemails. Mr. Eleiwa contends that he received unsolicited voicemails from Ms. Abutaa, while Ms. Abutaa argued that she had responded to multiple threatening messages from a phone number that Mr. Eleiwa had disguised. On June 19, 2018, Ms. Abutaa petitioned for temporary orders of protection against Mr. Eleiwa and his fiancée, Ms. Malak Alqatamin ("Ms. Alqatamin") in Shelby County General Sessions Court ("general sessions court"). The temporary orders of protection were granted by the general sessions court. Subsequently, Mr. Eleiwa and Ms. Alqatamin obtained temporary orders of protection against Ms. Abutaa from the general sessions court on June 22, 2018; although no evidentiary hearings were apparently held, the orders of protections among the parties were extended multiple times over a period of more than six months.

On July 3, 2018, Mr. Eleiwa and Ms. Alqatamin (collectively, "Petitioners") filed a second petition for civil and criminal contempt and monetary damages against Ms. Abutaa. Petitioners alleged that Ms. Abutaa repeatedly stalked and harassed them in violation of the trial court's permanent injunction. Ms. Abutaa answered the petition on September 28, 2018, denying the Petitioners' allegations. Conflict among the parties escalated after an incident at a Starbucks coffee shop on October 31, 2018. Mr. Eleiwa and Ms. Abutaa were at the coffee shop at the same time, though each person later testified to different versions of what occurred there. Days later, Mr. Eleiwa was taken into custody on a charge of violating a protective order. The charges were later dismissed. Before trial, the parties entered an agreed order to consolidate the contempt case and the petitions for protective orders into a single matter in the trial court.

A hearing on the contempt petition and the orders of protection was held on April

24 and 29, 2019. Petitioners argued that Ms. Abutaa persistently violated the permanent injunction against him since returning to the United States. Ms. Abutaa argued that Mr. Eleiwa had concocted a scheme to intimidate and harass her by disguising his telephone number, sending threatening messages, and paying others—including Ms. Alqatamin—to harass her in person and over the phone.

On May 14, 2019, the trial court entered a written Order of Dismissal and No Contact Order, which stated the following:

> Based upon the testimony of the parties and witnesses, the statements of the parties' counsel, and the entire record as a whole, this Court finds that the Plaintiff's Second Petition for Civil and Criminal Contempt and the parties' claims for violations of competing orders of protection are not well taken and should be dismissed. In particular, the Court finds neither party has sustained the burden of proof necessary to advance their claims.

After dismissing the competing orders of protection, the trial court also issued a "no contact order" forbidding the parties from contacting or sending any sort of messages to each other. Petitioners timely filed this appeal.

### DISCUSSION

Each party raises issues regarding the dismissal of their claims by the trial court. Because it is dispositive of this appeal, however, we first review the sufficiency of the trial court's order as an initial matter. In relevant part, Tennessee Rule of Civil Procedure 52.01 states: "In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions or law and direct the entry of the appropriate judgment." We have "previously held that the requirement to make findings of fact and conclusions of law is 'not a mere technicality.'" *Babcock v. Babcock*, No. E2014-01670-COA-R3-CV, No. E2014-01672-COA-R3-CV, 2015 WL 1059003, at *6 (Tenn. Ct. App. Mar. 9, 2015) (quoting *In re K.H.*, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009)). No bright-line test exists to determine whether factual findings are sufficient, but the findings of fact must include as many facts as necessary to express how the trial court reached its ultimate conclusion on each factual issue. *Lovlace v. Copley*, 418 S.W.3d 1, 35 (Tenn. 2013) (citing 9C Charles A. Wright et al., *Federal Practice and Procedure* § 2571, at 328 (3d ed. 2005)) "Without such findings and conclusions, this court is left to wonder on what basis the court reached its ultimate decision." *In re M.E.W.*, No. M2003-01739-COA-R3-PT, 2004 WL 865840, at *19 (Tenn. Ct. App. April 21, 2004).

The trial court's order in this case is, unfortunately, deficient. Here, the trial court provided what amounts to two sentences of analysis in its written order dismissing the claims of all parties. In particular, the trial court found that "neither party has sustained

the burden of proof necessary to advance their claims."[2] Thus, the trial court's order "[s]imply stating the trial court's decision, without more, does not fulfill [the Rule 52.01] mandate." ***Gooding v. Gooding***, 477 S.W.3d 774, 782 (Tenn. Ct. App. 2015) (quoting ***Barnes v. Barnes***, No. M2011-01824-COA-R3-CV, 2012 WL 5266382, at *8 (Tenn. Ct. App. Oct. 24, 2012)). We are therefore left with significant questions as to how the trial court reached its ultimate conclusion.

To prove civil contempt asserting a court order was disobeyed, a party must prove four things: (1) that the allegedly violated order was lawful; (2) the order in question was clear, specific, and unambiguous; (3) the person in alleged violation of the order actually disobeyed or resisted the order; and (4) the violation in question was willful. ***Lovlace***, 418 S.W.3d at 34 (citing ***Konvalinka v. Chattanooga-Hamilton Cty. Hosp. Auth.***, 249 S.W.3d 346, 354–55 (Tenn. 2008)). Alternatively, for a protective order to be issued, a petitioner must prove the allegations of domestic abuse, stalking or sexual assault by a preponderance of the evidence. Tenn. Code Ann. § 36-3-105(b).

In the present case, the trial court did not establish what law applied for either issue, much less what facts it used to reach its conclusions. The factual disputes apparent in the record require credibility findings to determine the most accurate version of the facts and how the law should apply to them. Indeed, it is clear from each party's briefs and oral arguments that significant factual disputes exist. While both the Petitioners and Ms. Abutaa wish for this Court to review the trial court's ruling notwithstanding the lack of factual findings or credibility determinations made by the trial court, it is not the place of this Court to make the credibility findings required in this matter. *See **Mitchell v. Archibald***, 971 S.W.2d 25, 29 (Tenn. Ct. App. 1998) ("One of the most time-honored principles of appellate review is that trial courts are best situated to determine the credibility of the witnesses and to resolve factual disputes hinging on credibility determinations."). Moreover, while in some cases we can infer credibility determinations from the trial court's limited findings or ultimate resolution, the trial court here made no findings of fact and its ultimate resolution found that neither party carried its burden, suggesting that the trial court placed the parties on equal footing with regard to credibility.[3] *Cf. **Edmunds v. Delta Partners, L.L.C.***, 403 S.W.3d 812, 824–25 (Tenn. Ct. App. 2012) (citing ***Richards v. Liberty Mutual Ins. Co.***, 70 S.W.3d 729, 733 (Tenn. 2002) (holding that a trial court's ultimate ruling in favor of one party implied that the court credited the testimony of one person over another)). Instead, to review the trial

---

[2] The court also ruled orally following the presentation of proof, stating that "each one of these litigants just want[s] the other party to stay away and allow them to go their separate ways with their lives without any interruption whatsoever[.]" Typically, "[w]e do not review the Court's oral statements, unless incorporated in a decree, but review the Court's order and judgments for that is how a Court speaks." ***Shelby v. Shelby***, 696 S.W.2d 360, 361 (Tenn. Ct. App. 1985). However, even following a review of the trial court's oral ruling, it is also not sufficient to determine how the trial court reached its conclusion.

[3] Of course, this is simply an assumption based on the limited ruling of the trial court. Upon remand, the trial court may clarify that it indeed found one party more credible in some respects.

- 4 -

court's ruling in the absence of proper findings, we would be "forced to guess at the rational the trial court used in arriving at its decision. This we cannot do." ***Harthun v. Edens***, No. W2015-00647-COA-R3-CV, 2016 WL 1056960, at *5 (Tenn. Ct. App. Mar. 17, 2016). We must therefore conclude that the trial court failed to comply with Rule 52.01.

When a trial court fails to make the necessary findings of fact and conclusions of law, the appropriate remedy is typically to vacate the trial court's judgment and remand the cause to the trial court for written findings of fact and conclusions of law. *See **Grissom v. Grissom***, 586 S.W.3d 387, 396 (Tenn. Ct. App. 2019) (citing ***Smith v. UHS of Lakeside, Inc.***, 439 S.W.3d 303, 312 (Tenn. 2014)) (discussing the various remedies that are available in this situation but noting that vacating the trial court's judgment is most in line with the Tennessee Supreme Court's directive that orders are the products of trial courts' independent judgment); *see also **Lake v. Haynes***, No. W2010-00294-COA-R3-CV, 2011 WL 2361563, at *1 (Tenn. Ct. App. June 9, 2011) (explaining that the Court of Appeals may proceed to consider the merits of a dispute when "the trial court's decision involves only a clear legal issue or the trial court's decision is readily ascertainable"). Because the trial court failed to comply with Rule 52.01, we vacate the trial court's order and remand the matter for the trial court to establish findings of fact and conclusions of law in compliance with Tennessee Rule of Civil Procedure 52.01. Whether to reopen the proof concerning this issue is left to the discretion of the trial court. As the trial court's current order is vacated, we pretermit Ms. Abutaa's evidentiary issue concerning an investigative file from the Shelby County District Attorney's Office.

Each party contends that the trial court erred in not awarding attorney's fees at trial. As this matter is vacated and remanded to the trial court, we also remand this issue of attorney's fees to the trial court to consider in light of its ruling on remand. All parties also sought attorney's fees as a result of this appeal. An award of attorney's fees on appeal is entirely within our discretion. *See **Hill v. Hill***, No. M2006-02753-COA-R3-CV, 2007 WL 4404097, at *6 (Tenn. Ct. App. Dec. 17, 2007) (citing ***Archer v. Archer***, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995)). Given the outcome of this appeal, we decline to award attorney's fees incurred in this Court.

## CONCLUSION

The judgment of the Chancery Court of Shelby County is vacated. This cause is remanded to the trial court for further proceedings as necessary and consistent with this Opinion. Costs of this appeal are assessed one-half to Appellants, Khaled Eleiwa and Malak Alqatamin, and one-half to Appellee, Suzanne Abutaa, for all of which execution may issue if necessary.

_____

J. STEVEN STAFFORD, JUDGE